JOHN FENNIMORE, adm'r d. b. n. of RICHARD RAHOW, dec'd,

*vs.*

ABRAHAM RAHOW, ex'r of LEVI STAATS, dec'd.

*New Castle, Aug. T.* 1819.

A re-hearing after decree made, will not be granted for the purpose of examining witnesses, or of admitting newly discovered evidence, as to matters which were in issue in the cause as originally heard.

Practice stated at large with respect to petitions for re-hearing ; also, as to supplemental bills and bills of review.

BILL IN EQUITY. MOTION FOR ORDER TO REVIVE FOR
WANT OF ANSWER TO BILL OF REVIVOR. PETITION FOR
REHEARING.—This was a bill of revivor. The original bill
was heard at the August Term, 1817, in the lifetime of
Levi Staats, the present defendant's testator, and a decree
was then made against Staats for the payment of £92.7.6.
Under the bill of revivor, the defendant appeared at the
April Term, 1819, by N. Van Dyke, Esq., his solicitor, and
was ruled to answer in three months, or attachment. At
the expiration of the three months, without an answer
being filed, the complainant's solicitor moved for an order
to revive. Previous to this motion, at the April Term,
1819, a petition of the defendant for a re-hearing of the
original cause had been filed.

*Rogers*, for the motion to revive.

Upon the rule answer and no answer put in, we are
entitled to revive on motion. 1 *Harrison's Ch. Pr.* 130 :
*Cooper's Eq. Pl.* 72 : *Hinds' Chanc. Prac.* 48 : 3 *P. Wms.*
348.

RIDGELY, CHANCELLOR.--As default has been made in put-
ting in an answer, and as it is presumed that defendant can
show no cause against the revival of this suit, let it be
revived, though no answer has been filed. The authori-
ties cited fully justify this course. And this will not pre-
clude a re-hearing, if a re-hearing shall be proper. See 1
*Harrison, Ch. Pr.* 437.

The order of revival was made as follows :

"And now to wit, this 27th day of August, 1819, upon
" motion of the solicitor upon the part of the complainants,
" and it appearing to the Chancellor that the said defendant
" hath not answered the said bill of complaint according to
" the rule, nor shown any cause against the prayer of the

" said bill ; It is ordered by the Chancellor, that the said
" suit, proceedings and decree, in the said bill of revivor
" mentioned and set forth, stand revived."

And it is further ordered, that the said defendant pay the
costs of this suit out of the estate of the said Levi Staats,
or that attachment issue.

Note. The payment of costs out of the estate of Levi Staats was
objected to by Mr. Van Dyke, for that the Executor, Rahow, may not have,
and there may not be, any estate of Levi Staats to pay the costs. The
Chancellor said that if it should so appear on the party's being brought in
on a writ of attachment, that it would be a sufficient reason to discharge
him from the attachment.

Afterwards, on another day, the same cause came before
the Chancellor, upon the petition of Abraham Rahow, the
present defendant, for a re-hearing. The petition set forth
that in the original suit no testimony was taken, nor wit-
nesses examined on the part of Levi Staats, the then defen-
dant ; that said Levi did not know of any person who could
testify to facts material in the cause, &c. ; that an appeal
had been taken but not prosecuted ; that the petitioner,
the present defendant, has discovered that there are wit-
nesses who can testify, and he refers specially to Robert
White, Abraham Staats, and Gideon Emory, who are com-
petent to prove, &c. Prayer, to open decree and grant a re-
hearing.

*Van Dyke,* for the petitioner, cited 2 *Atk.* 152, 529.

RIDGELY, CHANCELLOR.—This petition for re-hearing,
states that no testimony was taken, nor any witnesses
examined by Levi Staats, before the hearing of this cause,
and that he knew of no person who could testify in support

of his claim, and the allegations in his answer; and further, that the petitioner, Abraham Rahow, executor of Levi Staats, has since the death of said Levi, discovered that there are witnesses who can testify to facts materially connected with the cause.   In this petition there is no allegation of a discovery of *new matter* since the making the decree, which was in being at the time but was not known to the party until afterwards, and therefore, 2 *Atk.* 152, 529, does not apply.   The petition goes on the ground, that the party, since the making the decree, has discovered witnesses who can testify to the facts of the cause.   The facts were as well known to the party before the decree was made, as they now are to his executor.   He, in his life time, *and prior to the decree,* never examined a single witness ; and he cannot, consistently with the course of proceedings in chancery, now, after the decree is made, and after publication, and the proof in the cause is known, go into an examination of *other witnesses,* as to the matters then in issue between the parties.  A re-hearing saves the necessity or an appeal, (2 *Mad. Ch. Pr.* 483) and is instead of an appeal   On an appeal no other testimony can be received than what was read at the hearing ; neither can it on a re-hearing.   A re-hearing confines the Court to the case and testimony as they existed at the original hearing ; otherwise, there would be manifest danger of perjury and subornation of perjury.

If there be *new facts* a supplemental bill should be filed. 2 *Mad. Ch. Pr.* 519.   Supplemental Bills are brought upon a discovery of any *new matter,* since the original bill and answer and the proceedings had in the cause, in order to supply the defect in some former proceedings, where it is too late to amend the same.   1 *Harrison's, Ch. Pr.* 123.

And when a supplemental bill is brought *after publication,* the Court never gives the party leave to examine witnesses to any thing that was in issue in the former cause, by reason of the manifest danger of subornation of perjury

and it is irregular to examine witnesses to *a matter that was in issue and not proved in the original cause;* and such proof is not to be read. 1 *Harrison's Ch. Pr.* 123. On a supplemental bill an addition may be made to the first interrogatory, so as the new interrogatory contain nothing but what relates to the supplemental matter. 1 *Harrison's, Ch. Pr.* 124.

And if the Chancellor errs in his decree upon a matter of fact, this decree is final, and cannot be reviewed; because the parties cannot go into a new examination of witnesses *now; for after publication this may not be done.* 1 *Harrison's Ch. Pr.* 452. But if the Chancellor errs in his conscience upon a matter of fact proved before him, there may be review of this matter, because there needs no new examination; but this may be reviewed upon the old depositions, which is usual. *Harrison's Ch. Pr.* 452; *vide* 137.

Now, if neither supplemental bills nor bills of review can be supported without the discovery of some new fact; and if, on such bills, no new examination can be made in the matter that was in issue in the original cause, it cannot be done on a re-hearing.

A re-hearing does not throw a cause open to a new inquiry and a new examination of witnesses; but it is a reconsideration of all the matters and testimony as they stood at the original hearing.

I should be perfectly willing to re-hear this case, and to correct any mistake in the original decree, if there is any mistake; but the party never can have leave to examine new witnesses to the matters that were then in issue, and then tried. This is a most dangerous doctrine. The precedent would lead to the greatest injustice. In such case, a party would have only to lie by, until he knew the proofs of his opponent and the decision of the Chancellor, and then come forward with a flood of contradictory testimony, calculated rather to meet the testimony originally given, and not to elucidate the truth. This would be subversive

of all justice, and would finally destroy the whole system of equity.

A new examination of witnesses cannot be allowed, and therefore the petition is dismissed.

*Note.* As this case now stands *on the face of the record,* the decree in the original cause would seem to have been enrolled and signed before the petition for a re-hearing was presented. But the objection which this fact would have afforded against entertaining the petition for a re-hearing was not taken. It is to be inferred that the decree in the cause remained still in paper, and so was open to a petition for re-hearing.