GRISWOLD (DOWELL v.). See Cases Nos. 4,040 and 4,041.

## Case No. 5,834.
### GRISWOLD v. HILL.
[1 Paine, 483.] 1

Circuit Court, D. New York. Sept. Term, 1825.

JUDGMENT—ENTRY—PRIOR DEATH OF PARTY.

1. Where a party dies during term, the judgment may be entered in this court as of a day antecedent to his death.

2. But there is this difference, in this respect, between its equity proceedings and those of the English court of chancery, that this court is open only during term, and a decree cannot be entered if the death occurred before the beginning of the term.

3. Where an order for the dismissal of a bill was taken ex parte, the complainant having avowed his intention not to pursue the cause any further; on a motion to vacate the order, on the ground that the defendant died before it was entered; held, that it was not distinguishable, in principle, from the case of death after argument, but before judgment, and that the order might be entered antecedent to the death.

[In equity. Suit by Daniel S. Griswold against Samuel Hill.]

H. W. Warner, for complainant.
H. D. Sedgwick and R. Sedgwick, for defendant.

THOMPSON, Circuit Justice. This is a motion to set aside an order entered in this cause on the 2d day of September, in this present term, dismissing the complainant's bill with costs. The motion is founded on an affidavit stating, that the defendant died before such order was entered. It now appears that Hill died on the first day of this

term. By the common law, the death of one of the parties before judgment, abates the suit. There can, therefore, be no doubt but that the order was irregularly entered, and must be set aside. But the question arises, whether the court may not direct the order to be entered as of the first day of the term, and thereby render it regular. I have no doubt, that when a party dies during the term, the court may, in many cases, direct the judgment to be entered as of a day antecedent to the death. This has frequently been done in the English chancery, and also in the court of chancery of this state. These courts are, however, always open, and may, and frequently do, make the judgment or decree relate back to a distant day. This court, both on the law and equity side, is open only during the term. But there is no reason why it should not, whilst it is open, exercise the same power, as to entering its decrees, when a proper case is presented, as is done in the court of chancery in England. This is matter of practice in that court, and which governs the practice of this court, when not provided for by its own rules. See Rules Sup. Ct. U. S. The cases where this practice has been adopted, have usually been, when the death of the party occurred after argument, and whilst the cause stood over for judgment. Davies v. Davies, 9 Ves. 461; Campbell v. Mesier, 4 Johns. Ch. 342. The present case does not, in its circumstances, fall precisely within that rule, although the reason and grounds upon which the practice is founded, are equally applicable. The cause was not argued. The order was taken ex parte; the complainant having avowed his intention not to pursue the cause any further. I am, therefore, inclined to think the circumstances of this case would warrant the court in entering the order for the dismission of the complainant's bill, as of the first day of the term. But it is not deemed advisable to adopt that course in the present instance. The defendant's counsel has produced in court the letters of administration, and prayed that the administrators may be made defendants. To the granting of this application there can be no objection.

The 31st section of the judiciary act of 1789 [1 Stat. 90] declares, "that where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party, if the cause of action survived, shall have full power to prosecute or defend any such suit or action." Under this act it has been decided in the supreme court of the United States, that the executor or administrator may come in voluntarily and instanter, and be made a party on motion, without a scire facias, and may proceed to trial immediately, if he pleases, if the cause is ready for trial; but may have a continuance if he wishes. This is according to the express provision of the statute, which declares, that the executor or

administrator who shall become a party, shall, on motion, be entitled to a continuance until the next term. But no such indulgence is allowed by the act to the opposite party, nor is it reasonable that it should be. His situation is not altered by the substitution of the representatives of the deceased party. And it has accordingly been decided that the opposite party is not entitled to any delay. It is accordingly ordered, that the administrators be made parties, and no continuance being asked for, they have liberty to proceed without delay.

[See Case No. 5,835.]