CLARKE (KOUNSALAER v.). See Case No. 7,927.

CLARKE (LORMAN v.). See Case No. 8,516.

CLARKE (McCOMBER v.). See Case No. 8,-711.

## Case No. 2,857.
### CLARKE v. MATHEWSON et al.
[2 Sumn. 262.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1835. [2]

JURISDICTION—CITIZENSHIP—BILL OF REVIVOR.

1. The circuit court of the United States cannot entertain a bill of revivor, where the controversy, which it seeks to revive, is now between citizens of the same state, though the parties to the original bill, were citizens of different states. As where a bill of revivor was brought by an administrator, who was a citizen of the same state with the defendant, though his intestate was of a different state.

[Cited in U. S. v. Parrott, Case No. 15,998.] [See note at end of case.]

2. Where the parties are citizens of different states, at the commencement of the suit, a subsequent change of domicil and citizenship will not oust the jurisdiction.

This was the case of a bill of revivor, brought by Clarke as administrator of Willard W. Wetmore, deceased, to revive a suit in equity, brought by Wetmore in his lifetime, against the defendant Henry Mathewson. The bill of revivor stated, that the present plaintiff, John H. Clarke, was a citizen of Rhode Island; that his intestate, W. W. Wetmore, was a citizen of Connecticut, and on the 22d of February, 1830, filed his original bill against Mathewson and others [Cyrus Butler, Edward Carrington, and Samuel Wetmore], all citizens of Rhode Island, in which bill, praying an account, &c. That the defendants appeared and answered the bill; that the cause was afterwards at issue; and at November term, 1831, it was referred to a master, to take an account, &c.;

and, that afterwards and before any report was made, viz. in 1834, the said W. W. Wetmore died, whereby the suit became abated. That the present plaintiff had taken administration of his estate in the state of Rhode Island; and he therefore prayed, that the suit might stand revived, and be put in the same state and condition, as the same was, previous to the death of the said W. W. Wetmore.

A motion was now made, by Tillinghast and D. Webster, for the defendants to dismiss the bill of revivor, upon the ground, that the plaintiff and defendants were all citizens of the same state; and, that the plaintiff suing as administrator, made no difference in the case.

Whipple and R. W. Greene, for the plaintiff, e contra, contended, that the court had jurisdiction, because it was not the case of an original bill, but a mere bill of revivor of a suit, originally brought between citizens of different states.

STORY, Circuit Justice. If this were the case of an original bill, brought by the plaintiff, as administrator, against the defendants, it is clear, that the suit could not be maintained, although the plaintiff's intestate was a citizen of another state; for the parties before the court would be all citizens of Rhode Island. The plaintiff's suing in autre droit could not help him, although his intestate was a citizen of Connecticut; for the suit would still be his own personal suit. This is the necessary result of the doctrine, maintained in Chappedelaine v. Decheneaux, 4 Cranch [8 U. S.] 306; Childress v. Emery, 8 Wheat. [21 U. S.] 642; and Dodge v. Perkins [Case No. 3,954]. But the present bill being a bill of revivor only of an original suit, between citizens of different states, it is supposed, that the plaintiff is entitled to revive and continue the former suit, although he is a citizen of the same state as the defendants. The difficulty upon this is, that the moment the suit stands revived, it is in reality a suit between the plaintiff and the defendants personally; and the decree must treat them as the only parties to the bill. The death of the original plaintiff severed him forever from the suit.

This is not like the case of a bill, brought for an injunction to a judgment of the circuit court. There it has been held, that if the plaintiff in the judgment is a citizen of another state, than that in which the suit is brought, he may still be compelled to appear and answer the injunction bill. But the reason is, that the judiciary act of 1789, c. 20, § 11 [1 Stat. 78], requiring the suit to be brought in the district, of which the defendant is an inhabitant, or in which he is found, does not apply to any bill, but an original bill; and an injunction bill is treated not as an original, but as an incidental bill. The

---

[1] [Reported by Charles Sumner, Esq.]

[2] [Reversed in Clarke v. Mathewson, 12 Pet. (37 U. S.) 164.]

same rule applies to a cross bill, filed in the same circuit court, where the original bill is brought. In each of these cases, the difficulty does not arise from the constitution, but from the act of congress. The constitution would justify a suit between citizens of different states in any circuit court. The act of congress narrows it down to the circuit court of the district, where the defendant dwells, or is found.

In the cases of injunction bills and cross bills, the parties are supposed still to be citizens of different states; and therefore, the only difficulty, that arises, is, as to the service of process on them. But, in the present case, the bill of revivor seeks to carry on a suit between adverse parties, who are all citizens of the same state. When the suit is revived, it is a suit by Clarke, a citizen of Rhode Island, against Mathewson and others, citizens of Rhode Island. I confess, that I have difficulty in seeing, how this court can entertain such a suit, or make any decree therein; for the controversy is no longer between the original parties, but between the new parties on the bill of revivor. I agree to the doctrine, that, where the parties are citizens of different states at the commencement of the suit, a subsequent change of domicil and citizenship, will not oust the jurisdiction. That was so held in Morgan's Heirs v. Morgan, 2 Wheat. [15 U. S.] 290, 297, and Mollan v. Torrance, 9 Wheat. [22 U. S.] 537. But in that case, the original parties were still before the court. But in the present case a new party plaintiff is introduced, whose citizenship is, at the time of his filing his bill, in the same state with the defendants. It is true, that the judiciary act of 1789, c. 20, § 31 [1 Stat. 90], authorizes executors and administrators to appear and prosecute and defend suits, pending at the time of the death of their respective testators and intestates, unto final judgment. But I am not aware, that this provision has ever been held to apply to executors and administrators, who could not sue or defend as original parties in such suits. If there had been any known course of decisions, which had established such a right and practice, I should follow it, whatever might be my private doubts. But no such course of decisions has been appealed to.

It appears to me then, that the bill of revivor must be dismissed, as the controversy, which it seeks to revive, is now between citizens of the same state. As the district judge concurs in this opinion, the bill is accordingly to be dismissed, for want of jurisdiction.

After this opinion was delivered, the cause was continued to the next term, at the suggestion of the parties. The court, at that term, suggested, that they entertained, upon farther reflection, great doubts on the point; and recommended that the case should be taken to the supreme court for a final decision, which was accordingly done. [12 Pet. (37 U. S.) 164.]

[NOTE. The supreme court reversed the decree of the circuit court on complainant's appeal. Mr. Justice Story delivered the opinion, and stated as the reasons of reversal that, as the parties to the original bill were citizens of different states, and the jurisdiction of the court had attached to the controversy, it could not be divested by any subsequent event; and, further, that the bill of revivor was in no sense an original suit, but a mere continuation of such suit.

[The court added that if any doubt existed on general principles as to the correctness of this view, it was removed by section 31 of the judiciary act of 1789, c. 20, which provides that, if either of the parties to a suit pending in the federal court die before final judgment, the executor or administrator of such deceased party, if the cause of action survive, may prosecute or defend the same to final judgment; and which also empowers and directs the court before whom the cause is depending to hear and determine the same. Clarke v. Mathewson, 12 Pet. (37 U. S.) 164.]