BETSY, The, (POWELL v.) See Case No. 11,355.

BETSY, The, (WILLIAMSON v.) See Case No. 17,750.

BETTELY, (PRENTICE v.) See Case No. 11,381.

———

## Case No. 1,368.

### BETTES v. DANA.

[2 Summ. 383.][1]

Circuit Court, D. Massachusetts. May Term, 1836.

EQUITY—BILL OF REVIVOR—PARTIES.

1. Upon a bill of revivor, the sole questions before the court are, the competency of the parties, and the correctness of the frame of the bill to revive.

2. General objections to the original bill, grounded on its not showing a proper case for the interference of a court of equity, should be reserved till after the revivor of the bill.

3. The administratrix of the defendant, in the original bill, and his infant son and sole heir, are proper parties against whom a bill of revivor may be exhibited.

In equity. Bill by Caroline M. Bettes, a citizen of the state of Maine, [against Francis W. Dana, to quiet complainant's title to certain lands. Upon the death of defendant,

———

[1] [Reported by Hon. Charles Sumner.]

complainant exhibited a bill of revivor against Ann F. Dana and Charles F. Dana. Heard on demurrer to the bill of revivor. Bill revived. Heard also on a general demurrer to the bill. Demurrer sustained in part.]

The bill stated, that on November 8th, 1833, Henry H. Fuller was seized in fee of a certain piece of land in Boston, subject to a mortgage made by said Fuller to Francis W. Dana, for $10,000; and to Samuel H. Mann, for $3,000; that Fuller conveyed the land in question to Mann, subject to the foregoing mortgages; that the said Dana, the present defendant, encouraged and advised Mann to make the purchase, and assured him that the title of Fuller was good, and clear of all incumbrances, except the mortgage to Dana, and fraudulently concealed from Mann certain attachments made by him, the said Dana, upon the estate; that Mann was wholly ignorant of these attachments, and afterwards paid to Dana the sum of $10,000 due on mortgage; that, February 26th, 1834, in consideration of $8,250, he conveyed the northerly half of the land to William Hilliard, who subsequently conveyed his interest to Charles C. Little; that Hilliard and Little, at the time of their respective purchases, were wholly ignorant of the attachments by Dana; that Little, May 8th, 1835, conveyed the said land to the complainant, to secure a note for $7,295 49, who thereupon became seized thereof in fee and in mortgage; that the said note and mortgage remain to this day unsatisfied; and that the complainant, at the time of the conveyance to her by Little, was ignorant of the attachments made by Dana. The bill further stated the attachments by Dana, and the final execution and levies upon the land; but that the said Dana knowing that he had no valid title, having received formal possession, immediately left the land, and hath not since entered; but he still persists in asserting a title under the levies, whereby the complainant's title is, in the opinion of many persons, rendered doubtful, and she is prevented from disposing of her said mortgage for a full price, and raising the money secured thereby. That Dana declines to try his title by a suit at law, and the complainant cannot sue, because the said Dana is not in possession of the premises, and because without the aid of a court of equity she may be unable to prove the alleged frauds. The bill concludes with a prayer, that the said Dana may be restrained by injunction from conveying the said premises; that the said levies may be declared fraudulent and void as to the complainant; that the said Dana may be compelled to release to the complainant, or to the said Little, all his claim to the said land, and all his title acquired by the said levies, with warranty against all claiming under him; also, that the complainant may be quieted in her title, and for further relief.

Before the coming in of an answer, Francis W. Dana, the defendant, died, leaving a widow, Ann F. Dana, who was appointed administratrix, and one child, Charles F. Dana, an infant and sole heir. Against these persons a bill of revivor was exhibited, wherein it was alleged, that the said Ann was bound to admit assets, or exhibit an account of the estate and the disposition thereof, and praying that the said Ann and Charles might show cause, why the suit should not be revived, and they be held to answer the original bill.

A demurrer was now put in to the bill of revivor by the said Ann F. Dana and Charles F. Dana, the latter appearing by his guardian, ad litem, Samuel Dana, duly appointed by the court. The causes assigned for the demurrer were: 1st. that the bill did not open any case for discovery or relief; and did not show, that any discovery can be made by the present defendants, which can be available to the complainant; 2d. that the complainant has shown no title or interest in the subject-matter of the suit, which gives her any right to the discovery or relief prayed for, nor any damage sustained by reason of the matter complained of; 3d. that Charles C. Little should have been a party to the bill, and that the said Little, according to the statement of the bill, and not the complainant, has such title in the lands aforesaid as would entitle him to the relief prayed for; 4th. that there is an adequate remedy at law; concluding with the general allegation of other good causes.

The cause was shortly argued on the demurrer by Dexter and Gardiner for the defendants, and by Fletcher for the plaintiff.

STORY, Circuit Justice. It seems to me clear, that the demurrer must be overruled. The causes assigned for the demurrer, though in form addressed to the bill of revivor, are all in fact addressed to the original bill. Nothing can be more clear, than, that upon a bill to revive, the sole questions before the court are the competency of the parties, and the correctness of the frame of the bill to revive. The present demurrer admits that Ann F. Dana is the administratrix of Francis W. Dana, the original defendant, and that Charles F. Dana is the infant son and sole heir of the deceased. The bill is proper against each of them, for they are both proper parties to meet the exigency of the original bill. The objections now raised on the demurrer, if they can be raised at all, are properly matters to be objected to in the frame of the original bill after it is revived. I will not enter upon any decision of them in this interlocutory proceeding, although I confess, that, supposing the allegations of the bill to be true, there can be little doubt, that the bill in its substance, however defective in its form, contains sufficient matter to sustain the jurisdiction of this court as a court of equity. Whether Charles C. Little ought to be a party, I do not decide, because it is not proper in the present stage of the cause; though it is difficult to see, upon the actual frame of the bill, what decree is, or can be sought against him.

Let an order be entered, that the bill do stand revived; and that the administratrix, and the infant do answer the bill, as they shall be advised. A guardian ad litem has, I believe, been appointed for the infant.

After the revivor, a general demurrer was put in to the original bill, containing, in substance, the same causes, which had been originally assigned against the bill of revivor; and they were again spoken to by the same counsel on each side.

STORY, Circuit Justice. Upon farther consideration I am well satisfied, that the case stated in the bill is sufficient to sustain the jurisdiction of the court, and properly cognizable and remedial in equity. I have, therefore, no difficulty in overruling the demurrer, as to all the causes assigned in it, except that, as to the want of parties. It appears to me, that, upon the frame of the bill, Charles C. Little is a necessary party, he having a subsisting interest in the estate, as the immediate mortgagor, from whom the plaintiff derives her title as mortgagee, and having an equal interest with the plaintiff, to litigate the validity of the attachment made by the intestate, Dana. The demurrer, therefore, must be allowed, so far as it insists upon Charles C. Little being a party, and overruled as to the other causes.