# Case No. 9,405.

## MELLUS v. THOMPSON et al.

[1 Cliff. 125.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1858.

PRACTICE IN EQUITY—RULES OF COURT — NO REPLY — ADMINISTRATOR — SUED OUT OF STATE WHERE APPOINTED—ACT OF CONGRESS—BILL OF REVIVOR.

1. When a plea to a bill in equity is set down for hearing under the thirteenth additional rule, without being replied to by the complainant, all the facts therein alleged, which are well pleaded, must be considered as admitted, for the purpose of determining whether the plea constitutes a sufficient answer to the suit.

2. An executor or administrator, deriving his authority solely from one state, cannot sue or be sued in his official character in another state

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

for assets lawfully received by him in the jurisdiction where he was appointed.
[Cited in Bartlett v. Rogers, Case No. 1,079.]
[Cited in brief in Luce v. Manchester & L. R. R., 63 N. H. 588, 3 Atl. 619.]

3. The thirty-first section of the act of congress of the 24th of September, 1789 [1 Stat. 90], confers no jurisdiction upon this court of a bill of revivor against the administrator with the will annexed,-of the deceased respondent in the original suit, said administrator having been appointed by a probate court in California. Clark v. Mathewson, 12 Pet. [37 U. S.] 170, reviewed and construed not to assert a doctrine contrary to this.
[Cited in Mason v. Hartford, P. & F. R. Co., 10 Fed. 337.]

This was a bill of revivor, in which it was alleged that, at the May term of this court, in the year 1853, [Henry Mellus,] the complainant, exhibited his bill of complaint against one William D. M. Howard of San Francisco, in the state of California (since deceased), praying that certain conveyances from him, the complainant, to said Howard, and certain settlements between them, might be set aside, and the said Howard might be decreed to account to the complainant and settle with him as partner in the firm of Mellus and Howard, and Mellus, Howard, and Company, and for other purposes and interests as were in the bill of complaint more fully set forth. The bill of revivor further alleged that the same Howard, having been fully served with process, appeared and answered to the original bill, and filed the general application, and proofs were also taken. [See Case No. 9403.] In January, 1856, the respondent, Howard, deceased. The bill further set forth that the deceased left a last will and testament; and that letters of administration, with the will annexed, were duly granted to [Joseph P. Thompson and others,] the respondents in this case, and that they had taken upon themselves the trust. Service of the bill of revivor was only made upon one of the respondents, which one appeared and pleaded, denying the jurisdiction of the court, and alleging that the decedent at the time of his death was a citizen and resident in the state of California, and that his last will and testament was duly proved and allowed by the court of probate for the county of San Francisco in that state, by which court also the respondent was appointed as one of the executors, but that he never was appointed an executor of the said will, or an administrator upon the estate of the deceased by any court of probate or any other court in the state of Massachusetts. The respondent also alleged that at the time service was made upon him he was casually in the state of Massachusetts for a temporary purpose, and that he then had no assets of the estate of the deceased in his possession or under his control. None of the facts alleged in the plea were in any manner controverted by the complainant.

R. Choate and Mr. Bell, for complainant.
F. C. Loring, for respondent.

CLIFFORD, Circuit Justice. When a plea to a bill in equity is set down for hearing under the thirteenth additional rule, as in this case, without being replied to by the complainant, all the facts therein alleged which are well pleaded must be considered as admitted for the purpose of determining the question whether the plea constitutes a sufficient answer to the suit. Accordingly the complainant insists, notwithstanding the present respondent is not a citizen of, or resident in, this state, and was never appointed executor of the last will and testament of the decedent by the state courts of this district, that he is entitled to revive the suit against him by virtue of his appointment as such executor by the court of probate for the county of San Francisco in the state of California, where he was domiciliated at the time of his appointment. All of the transactions for which relief is sought took place in California, and all of the assets belonging to the estate of the decedent are in that jurisdiction. Certain rules and principles respecting the rights and powers of executors and administrators appear to be so fully settled that they ought not to be regarded as the proper subjects of dispute. One is, that an executor or administrator, deriving his authority solely from another state, is not liable to be sued in his official character in this state for assets lawfully received by him in the jurisdiction where he was appointed, under and in virtue of the original letters of administration. Every grant of administration is strictly confined in its authority and operation to the limits of the territory of the government which grants it, and it is well settled that it does not extend to other political jurisdictions. As matter of right it cannot confer any authority to collect by suit the assets of the deceased in another state; and whatever operation is allowed beyond the jurisdiction of the state where it is granted is mere matter of comity, which every other state is at liberty to accord or withhold, according to the policy of its own laws and with reference to the interests of its own citizens. Vaughan v. Northup, 15 Pet. [40 U. S.] 1; Bond v. Graham, 1 Hare, 482; Spratt v. Harris, 4 Hagg. Ecc. 405; Price v. Dewhurst, 4 Mylne & C. 76; Whyte v. Rose, 3 Adol. & E. [N. S.] 507, 43 E. C. L. 842. Executors and administrators are bound in general to account exclusively for all the assets they receive, under and in virtue of their administration, to the proper tribunals of the government from which they derive their authority; and it was expressly determined by the supreme court, in the case of Vaughan v. Northup, that the tribunals of other states have no right to interfere with the assets which come to their possession in the jurisdiction where they are appointed, or to control their application. Repeated decisions have affirmed the principle that no suit can be maintained by or against an executor or administrator, in his official capacity, in the

courts of any other state except that from which he derived his authority, in virtue of the probate and letters testamentary or the letters of administration there granted to him. Fenwick v. Sears, 1 Cranch [5 U. S.] 259; Dixon's Ex'rs v. Ramsey's Ex'rs, 3 Cranch [7 U. S.] 319; Kerr v. Moon, 9 Wheat. [22 U. S.] 565; Armstrong v. Lear, 12 Wheat. [25 U. S.] 169. Some attempts have been made by courts of justice in one or two jurisdictions to limit and qualify the general rule laid down in the earlier cases, but without success, as appears from numerous decisions both in this country and in England; and it may now be regarded as the established doctrine, that an executor or administrator appointed in one state cannot sue or be sued in his official character for any debts due to or from the estate under his administration in any other state, unless he is first appointed as such administrator or executor in the state where the suit is brought. These principles, so far as respects the maintaining of an original suit are not controverted by the counsel for the complainant, and they have been so repeatedly affirmed by courts of the highest respectability, that it seems unnecessary to multiply authorities upon the subject. That letters testamentary or of administration granted abroad, without new probate authority, give no right to sue or be sued, is a principle almost universally acknowledged by courts of justice. It was so held in Carter v. Crost, Godb. 33, decided in 1585, and since that period has been the received doctrine in most jurisdictions to the present time. Tourton v. Flower, 3 P. Wms. 369; 2 Kent, Comm. (9th Ed.) 563, and note c; Hutchins v. State Bank, 12 Metc. [Mass.] 421; Story, Confl. Law, § 513; Tyler v. Bell, 2 Mylne & C. 110; Whyte v. Rose, 3 Adol. & E. (N. S.) 507, 43 E. C. L. 842. But attention is drawn to the thirty-first section of the act of congress of the 24th of September, 1789, and it is insisted, that the original suit in this case may be revived against the present respondent, within the principles of that provision. It provides, that where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment; and the defendant or defendants are hereby obliged to answer thereto accordingly; and the court before whom such cause may be depending is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. Further provision is also made, in case such executor or administrator shall refuse to become a party to the suit, that the court may render judgment against the estate of the deceased party in the same manner as if the

executor or administrator had voluntarily made himself a party to the suit. At common law, the death of either party before judgment in real and personal actions abated the writ: and it was held by the supreme court, in Green v. Watkins, 6 Wheat. [19 U. S.] 260, that the provision contained in that section was necessary to enable the action to be prosecuted against the representatives of the deceased party in cases where the cause of action survived. In the case of Macker's Heirs v. Thomas, 7 Wheat. [20 U. S.] 530, the same court held, that this provision was clearly confined to personal actions, assigning as the reason for the conclusion, that the power to prosecute or defend is given to the executor or administrator of the deceased party, and not to the heir or devisee. Neither of those cases precisely touches the question under consideration, for the reason that the abatement of a suit in equity by the death of a party, in cases where the cause of action survives, does not amount to an unconditional determination of the suit. Unlike the abatement of a suit at common law, the death of one of the parties to a bill in equity, before a final decree, only has the effect in general to suspend the proceeding in the suit, but does not operate to extinguish the right of further prosecution, provided the proper representatives of the deceased party seasonably appear and prosecute the same by bill of revivor. Bills of revivor, strictly so called, lie only against the persons who are the proper representatives of the deceased party. If the suit has respect to the personal assets only of the deceased party, his executor or administrator is the proper person by or against whom the bill of revivor should be brought; but if the suit has respect to the real estate of the deceased, and the cause of action survives, then the heirs of the deceased party are the proper persons to institute and prosecute the bill of revivor. Story, Eq. Pl. (6th Ed.) § 54. Applying these principles to the present case, there would be no difficulty in sustaining the views of the complainant, but for the fact that the respondent in the bill of revivor has never been appointed an executor of the last will and testament of the decedent by the tribunals of Massachusetts. His appointment, as the plea shows, emanated from the court of probate for the county of San Francisco in the state of California; and if it be true, as was expressly held by the supreme court in Vaughan v. Northup, 15 Pet. [40 U. S.] 5, that the grant of administration upon the estate of a deceased person is strictly confined in its authority and operations to the limits of the territory of the government which grants it, then it follows, as it would seem, that the appointment of the respondent as executor by the tribunals of the state of California cannot have the effect to confer upon him that character in the courts of another state. Federal laws do not make provision for the appointment of executors or administrators. They only recognize the existence of such appointments under the local law. Executors and administrators are recognized in the thirty-first section of the judiciary act now under consideration, but they are such as have received their appointments, not from federal authority, but from the tribunals of the state where the suit was pending at the time the abatement took place. Accordingly it was held by the supreme court, in Aspden v. Nixon, 4 How. [45 U. S.] 497, that executors and administrators appointed in one state cannot be known in another state as the representatives of the estate of a deceased person, for the purpose of prosecuting or defending a pending suit. This principle was subsequently affirmed by the same court in the case of Stacy v. Thrasher, 6 How. [47 U. S.] 58, in still more decisive language. Mr. Justice Grier said, in the case last named, that an administrator receives his authority from the ordinary or other officer of the government where the goods of the intestate are situate. But coming into such possession by succession to the intestate, and encumbered with the duty to pay his debts, he is considered in law as in privity with him, and therefore bound or estopped by a judgment against him. Yet his representation of his intestate is a qualified one, and extends not beyond the assets of which the ordinary had jurisdiction. He therefore cannot do any act to affect assets in another jurisdiction, as his authority cannot be more extensive than that of the government from whom he received it, and the courts of another state will not acknowledge him as a representative of the deceased, or notice his letters of administration. Borden v. Borden, 5 Mass. 67; Pond v. Makepeace, 2 Metc. [Mass.] 114; Chapman v. Fish, 6 Hill, 554. Similar views were also held by the same court in Hill v. Tucker, 13 How. [54 U. S.] 467, in which the preceding cases were cited and approved. Nevertheless, circuit courts have jurisdiction of suits by or against executors or administrators, if they are citizens of different states, in certain cases where they are the real parties in interest before the court, and have succeeded, by virtue of their appointment, to all the rights and interests of their testators or intestates, as in suits upon promissory notes given by the deceased in certain special cases, or in bills of equity for an account. Chappedelaine v. Dechenaux, 4 Cranch [8 U. S.] 306; Childres v. Emory, 8 Wheat. [21 U. S.] 669. Both of those suits, however, were commenced in the district constituted within the limits of the political jurisdiction or state from which the defendants derived their authority. Civil suits may be brought against persons in their individual capacity, either in the district whereof they are inhabitants or in which they shall be found at the time of serving the writ. 1 Stat. 79. That provision, so far as the latter clause of it is concerned, does not apply to executors and administrators, for the reason that their authority is limited by

the territory of the state from which it is derived; and it has been expressly held by the supreme court, in repeated instances, that they cannot be sued in any district out of the state from which their authority proceeds. It was so distinctly held in Vaughan v. Northup, 15 Pet. [40 U. S.] 1; and such, as before remarked, is the settled law, both in this country and in England. Fenwick v. Sears, 1 Cranch [5 U. S.] 259; Dixon's Ex'rs v. Ramsey's Ex'rs, 3 Cranch [7 U. S.] 319; Kerr v. Moon, 9 Wheat. [22 U. S.] 565; Aspden v. Nixon, 4 How. [45 U. S.] 497; Stacy v. Thrasher, 6 How. [47 U. S.] 58; Hill v. Tucker, 13 How. [54 U. S.] 467. But reliance is placed upon the case of Clark v. Mathewson, 12 Pet. [37 U. S.] 170, as asserting a different doctrine. On a careful examination of the facts of that case, it does not appear to warrant any such conclusion. It was a bill in equity, brought by a citizen of the state of Connecticut against a citizen of the state of Rhode Island, for an account of certain transactions set forth in the bill, with a prayer for general relief. After the cause was at issue, it was by the agreement of the parties ordered by the court to be referred to a master to take an account, and pending the proceedings before the master the complainant died. Administration upon his estate was taken out by one John H. Clark, in the state of Rhode Island. By the laws of the state, no person not a resident thereof can take out letters of administration; and such administration is indispensable to the prosecution or defence of any suit in the state, in right of the estate of the intestate. Clark filed a bill of revivor in the circuit court of Rhode Island against the defendants in the original suit, in which he alleged that they were citizens of that state; and he also alleged himself to be a citizen of the same state, and administrator of the intestate. Judge Story dismissed the bill of revivor, on the ground that it was a suit between citizens of the same state. Whereupon the complainant appealed to the supreme court, where the decree of the circuit court was reversed, with the concurrence of the circuit judge; and it was held that the bill of revivor was a mere continuance of the original suit, and that, inasmuch as the parties to the original bill were citizens of different states, the jurisdiction of the court completely attached to the controversy, and could not be divested by the fact that the administrator of the complainant subsequently appointed was a citizen of the same state with the respondents. That principle is entirely consistent with the determination previously made, that the removal of the original plaintiff, after the commencement of the suit, into the same state with the respondent, does not divest the jurisdiction of the court, if they were citizens of different states at the time the suit was commenced. Morgan's Heirs v. Morgan, 2 Wheat. [15 U. S.] 290; Mollan v. Torrance, 9 Wheat. [22 U. S.] 537; Dunn v.

Clarke, 8 Pet. [33 U. S.] 1. Besides, it will be perceived that the suit in that case was revived in a circuit court constituted and having jurisdiction in the state from which the administrator derived his authority; and consequently the decision of the court is perfectly consistent with all the previous and subsequent adjudications upon the subject. It was objected in that case, that the jurisdiction could not be sustained, because the complainant and respondent in the bill of revivor were citizens of the same state; but the supreme court held that congress, in the provision of the judiciary act under consideration, treated the revivor of the suit by or against the representatives of the deceased as a matter of right, and as a mere continuation of the original suit, without any distinction as to the citizenship of the representative, whether he belonged to the same state where the cause was depending, or to another state. This last remark was made by the court, in answer to the objection that both parties in the bill of revivor belonged to the same state, and without any reference whatever to the question, whether an executor or administrator appointed only by the probate court of another state could be made a party to such a proceeding without a new appointment. For these reasons I am of the opinion that the case of Clark v. Mathewson does not touch the question under consideration. Such being the fact, the proceeding stands without any authority to support it, and must be determined upon general principles. All of the reasons assigned in the adjudged cases to show that an executor or administrator cannot be made an original defendant in a state other than the one from which he derives his authority apply with equal force against making him a respondent to a suit in equity abated by the death of his testator or intestate. He has no official existence in such other state, and possesses no power there which he can exercise in his official character. Decided cases have established the doctrine, that the authority granted to him is strictly confined to the limits of the state from which it was derived; and if so, then it would seem to follow that any other person might be made a party defendant to the bill of revivor with equal propriety, and for the reason that, while here, in a jurisdiction where his authority is not acknowledged, he is not in any legal sense the representative of the estate of his testator. He cannot be liable de bonis propriis, and as there are no assets in this jurisdiction, there can be nothing on which a judgment would operate. Relief is prayed, not only for the payment of money, but that conveyances of real estate situated in California may be set aside, and that the same real estate may be conveyed to the complainant. Whether executors, as such, have authority, under the laws of California, to convey real estate does not appear, and is at least very doubtful. But if it were less so, it is difficult to see by what warrant this

court can recognize the respondent as the executor of the last will and testament of the decedent, while it appears that he is not such by the local law of the district in which the suit is pending, and that there are no assets of the estate within this jurisdiction. Counsel would hardly contend that a bill of revivor could be maintained against an executor or administrator appointed in England, without new probate of the letters testamentary, or new letters of administration in the state tribunals of the district where the original suit was brought. Nothing is better settled than the rule, that a person claiming under a will proved in one state cannot intermeddle with or sue for the effects of a testator in another state, unless the will be first proved in that other state, or unless he be permitted so to do by some law of that state authorizing such a proceeding. He cannot sue for the personal estate of the testator out of the jurisdiction of the power by which the letters of administration were granted, and upon the same principle and for the same reason he cannot be sued or compelled to defend a suit in any jurisdiction to which his authority as executor does not extend. Doe v. McFarland, 9 Cranch [13 U. S.] 151; Kerr v. Moon, 9 Wheat. [22 U. S.] 571. Devisees or heirs would not be bound by the decree, if one were made, so far as the real estate is concerned, for the reason that they are not made parties to the bill of revivor, and have had no notice of the proceeding. It is obvious, therefore, if the court should render a decree that the complainant is entitled to the relief prayed for, the respondent in the bill of revivor would have no authority to comply with the order of the court, and the court would have no power to enforce its mandate. In view of all the circumstances disclosed in the case, I am of the opinion that the plea to the jurisdiction of the court is sufficient, and that the demurrer must be overruled.