No. 8227.

## T. W. TURLEY VS. M. DREYFUS, DATIVE EXECUTOR.

A money judgment, rendered by a court of original jurisdiction in a sister State, against one who was at the time the Executor of the debtor in that and in this State, said judgment being subsequently affirmed by the Supreme Court of that State contradictorily with an Administrator *de bonis non*, appointed to represent the estate,—can be made the cause of an action in this State.

Such judgment, in the suit brought upon it in this State, is not conclusive of what it decrees and, on the contrary, it is open to all the defenses which can be legally opposed to judgments, but it is a sufficient legal cause to institute an action upon.

APPEAL from the Eighth Judicial District Court, parish of East Carroll. *Montgomery*, judge *ad hoc*.

---

*W. G. Wyly* for Plaintiff and Appellant:

First—An executor stands on a different footing from an administrator, and a judgment against an executor in one State is *prima facie* evidence of a debt in a suit against another executor of the same testator in a different State. Hill vs. Tucker, 13 Howard, 458; 10 L. 14; 7 R. 206. See, also, Fisher's Digest, page 5038.

Second—If no appeal had been taken by Frank Willson, executor, from the judgment of the Chancery Court of Tennessee against him in 1874, that judgment could have been made executory here. 13 Howard, 458; 10 L. 14; 7 R. 206. ,

Third—The fact that Frank Willson, executor in both States, died pending the appeal, and the Supreme Court of Tennessee proceeded to trial and affirmed the judgment contradictorily with the administrator *de bonis non*, against whom it had been revived, does not alter the rights of the parties, nor does it in any manner modify the scope and effectiveness of the decree. 46 Mo. 137; 32 Md, 274; 21 N. J. 520; 65 Pa. 105.

Fourth—"A judgment from one State cannot be treated in another as an absolute nullity for want of jurisdiction, unless original and radical. When jurisdiction has once rightfully attached any subsequent errors in the court of original or appellate jurisdiction, cannot be elsewhere collaterally examined, nor can they impair the validity of proceedings which, until reversed, are binding in every other court." 11 An. 507; 84 Pa. 533; 82 Ill. 606; 9 Wall. 108; 72 N. Y. 217; 14 Ark. 360; 1 Ohio, 259.

Fifth—As Frank Willson, executor, took the appeal and died pending the appeal, the Supreme Court of Tennessee was undoubtedly seized of jurisdiction; and if they fail to cause the heirs to be made parties, as well as the administrator *de bonis non*, it was merely an error that this court cannot correct. See 22 H. 473; 10 Pet. 474; 1 Peters, 340; 15 Johns. 141; 11 An. 507; 13 Peters, 312; 3 Wheaton, 234; 9 Peters, 86; 2 Peters, 503.

Sixth—Upon the principle that all officials are presumed to have done their duty, this court is bound to presume that the Supreme Court of Tennessee did theirs, and by the laws of Tennessee, *quoad* the appeal the administrator *de bonis non* represented all the parties and all the interests affected by the decree of the Chancery Court.

Seventh—As no appeal should be revived unless' all parties affected by the decree below are made parties to the appeal, we are bound to presume that the Supreme Court of Tennessee had all parties required by the law of Tennessee to be represented made parties to the appeal; that *quoad* the trial in the Supreme Court the administrator *de bonis non* represented heirs as well as creditors. 22 An. 222; 72 N. Y. 217; 22 Ark. 389, 453.

Eighth—As the judgment of the Chancery Court if unappealed from, could have been made executory in Louisiana, the judgment of the Supreme Court of Tennessee affirming it can also be made executory here, because this court is bound to presume that the Supreme Court which was seized of jurisdiction when Frank Willson filed the transcript of appeal,

exercised that jurisdiction over the whole case and their decree affirming the judgment gave the appellee all the relief he was entitled to by the decree of the court below, among which he was entitled to the right to have the decree in his favor made executory here. 7 R. 206; 23 An. 80; 3 Wheaton, 234; 9 Pet. 86; 2 Pet. 502; Brightly's Digest 497, section 144.

Ninth—The fact that the Supreme Court revived the case contradictorily with the administrator *de bonis non*, and affirmed the judgment, involves an implied assertion of jurisdiction by the Supreme Court which this court cannot contradict or in any manner gainsay. **22** Ark. 453; 5 Allen (Mass.) 591; 34 Ill. 168; 16 Miss. 421; 22 Ark. 389; 12 An. 798; 10 Mo. 329; 1 Ohio, 259.

Tenth—In reviving the appeal the Supreme Court of Tennessee reviewed the whole case, and when they affirmed it they gave all the relief to the appellee that the Chancery Court had given, and their decree cannot be questioned. 14 An. 360; 44 Ill. 32; 13 Pet. 312; 9 Mass. 462; 17 Mass. 515.

Eleventh—"A final judgment of a competent court of a sister State, after citation, is conclusive of the matters therein determined between the same parties in Louisiana, in the absence of proof impeaching it." 12 An. 736; 6 Vermont, 580; 41 Vermont, 396; 17 Mass. 515, 646; 44 Ill. 32; 13 Peters, 312; 46 Mo. 137; 32 Md. 274; 21 N. J. 520; 65 Pa. 105. See, also, Fisher's Digest, vol. 3, page 5035.

*F. F. Montgomery* for Defendant and Appellee:

A judgment against an administrator in another State is not such evidence as will authorize a judgment against another administrator or executor of the succession here. In contemplation of law, there is no privity between the foreign administrator and the executor here. 3 An. 353; Story's Conflict of Laws, 522, 525.

The judgment against the first administrator is *res inter alios acta* as regards the administrator here and the property confided to his care. 6 Howard, 47.

*Spencer & White* on same side, on application for rehearing.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action to enforce a judgment of a sister State against a succession representative in Louisiana. The case comes up on appeal from a judgment sustaining an exception of *no cause of action* and dismissing the suit.

The plaintiff alleges that he is the transferree of a judgment for $11,935 66, obtained by James H. Wilson, Jr., against Frank Wilson, executor of James H. Wilson, Sr., his father, from the Chancery Court of Williamson County, Tennessee; that said executor was also the executor of the will of the deceased in this State; that judgment was appealed from by said executor to the Supreme Court of Tennessee, by which it was affirmed, contradictorily with an administrator *de bonis non*, appointed to replace the executor, who had died since the appeal. He further avers that Maurice Dreyfus was appointed dative executor, to succeed James H. Wilson, Jr., in the liquidation of the succession in Louisiana. He prays for citation and recognition of his claim.

From the judgment sustaining an exception of *no cause of action*, the plaintiff appeals.

The question presented is novel, interesting and important. It is simply:

Whether a money judgment, rendered by a court of original jurisdiction, in a sister State, against one who was at the time the executor of the debtor in that and in this State, and subsequently affirmed by the Supreme Court of that State, contradictorily with an administrator *de bonis non*, appointed to represent the estate,—the defendant executor having died pending the appeal,—can be made the cause of an action in this State.

For a number of years after the adoption of the Code of Practice, a creditor who had obtained a judgment in another State of the Union, or in a foreign country, could proceed here by executory procees on such judgment; but, in 1846, the law on the subject, as found in articles 746, 747 and, in part in 748, was repealed.

From the fact that the laws thus recalled have not since been re-enacted, it can only be inferred that the law-giver has persisted in the determination that such judgments shall not be executed *summarily* in this State, but it does not follow that such judgments cannot be made the basis of an action *via ordinaria, in personam* against the debtor, or *in rem* against his property, when found in this State. Actions of that description are daily brought and entertained, when it appears that the court which rendered the judgment, was competent and observed the forms essentially required by law; in other words, that it is valid by the law of the place where it is rendered, and has not been satisfied or extinguished. 18 An. 682; 23 An. 80; 24 An. 222; 2 N. S. 599; 10 L. 18, 220, 381; 1 R. 575; 5 R. 418; 11 R. 326; 4 An. 574; 5 An. 43; 12 An. 736.

The proceeding in this case is not executory, but ordinary. It is not directed against the debtor himself, but against one appointed to execute his will.

Had the judgment declared upon been rendered against an administrator appointed by the proper court in Tennessee to administer and liquidate the succession of James H. Wilson, Sr., in that State, and this suit were brought to enforce such judgment against a different administrator, in this State, the latter might have pleaded *res inter alios acta*, as there would exist no privity between them, for the reason that they would derive their commissions from different political sovereignties. 3 An. 353; 6 How. 44, 47; 4 How. 467; 18 How. 16; 7 Ind. 211; 8 Allen, 259; 13 Allen, 48; 11 Blatch. 391; 15 Pet. 7; 2 Cranch, 92; 9 Wheat. 565; 1 Cliff. 125; Story on Conflict of Laws, 522, 525; Rorer on Inter-State Laws, p. 257.

But it has been held that the case might be different if the same person were administrator in both States. Story Confl. L. 522; 2 Rawle, 2, 431. A difference was likewise signalized between *executors* of the same testator, some of whom resided in one State and others in another, and all appointed by the same will, each qualifying in the State of his

residence and where one is administrator with the will annexed. 3 Kelly, 426; 13 How. 458; Rorer on Inter-State Law, p. 257-9.

In such a case, although the judgment was not admitted to be *conclusive*, it was recognized as a proper basis for an action and was permitted to go in evidence, because there is a privity of right and official identity, between executors, inasmuch as their powers emanate from the testator and the judgment against one, in one State, may be rightfully brought into administration in the other State, by proper proceeding against the executor locally existing there. 13 How. 458, 469; Rorer, p. 258.

The case is certainly stronger where the executor, contradictorily with whom the judgment was obtained in one State, was also executor in the State in which the judgment is sought to be enforced.

We do not consider that it makes any difference that the judgment on appeal was rendered contradictorily with one appointed to replace the executor who died after the appeal had been taken.

From the fact that the highest court, sitting merely in review of the judgment appealed from, proceeded contradictorily with him, we must assume that it recognized him as having capacity to stand in judgment as the legal representative of the estate for that appeal. 6 An. 292; 7 An. 576; 11 An. 118, 507; 10 L. 14; 1 R. 575; 7 R. 206, 575; 13 An. 394; 14 An. 205; 23 An. 80; 24 An. 222, 606; 10 Pet. 474; 1 Pet. 340; 15 Johns, 141.

We do not wish to be understood as holding that the judgment declared upon is conclusive of what it decrees. The judgment is a valid cause of action, and is open to all the defenses which can be legally opposed to judgments. If recognized as valid and in existence, it can have no greater force than would be claimed for a similar one, rendered by a competent court of this State. C. P. 123, 987; H. D. pp. 749, 753; L. D. p. 347. We are not now trying the merits of the suit, but merely testing the strength of an exception of *no cause of action*, sustained by the lower court, we think, erroneously. 14 An. 205.

It is, therefore, adjudged and decreed that the judgment appealed from be reversed; that the exception sustained be overruled; that the defendant be ordered to answer to the merits, and that the cause be remanded to the lower court for further proceedings according to law; defendant and appellee to pay costs in both courts. from the filing of the exception of no cause of action.

---

## ON APPLICATION FOR A REHEARING.

POCHÉ, J. Appellee complains that the reasons given in our opinion do not justify our decree, and points to the expression of opinion that the "judgment should be received as *prima facie* evidence," as unjusti-

fiable on an issue of no cause of action. Our intention was and is to recognize the judgment of the Tennessee Court, as a sufficient and valid cause of action, and have amended the opinion so as to exclude the possibility of any other conclusion.

