THOMAS *v.* POLICE JURY OF PARISH OF TENSAS.*

(*Circuit Court, E. D. Louisiana.* December, 1882.)

1. REVIVOR—REV. ST. 955.
    The effect of the statute of 1789, (vol. 1, p. 90, § 31; Rev. St. 955,) is that the suit descends to the representative of the deceased party, be he heir, executor, or administrator, as the case may be. An acquired jurisdiction on the part of the United States circuit court will not be ousted by a state statute which, but for that previously existing jurisdiction, would have vested it elsewhere.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

2. ADMINISTRATOR—NATURAL TUTRIX.

    The natural tutrix of the minor children is, under the law of Louisiana, clothed with the authority to administer the succession of the estate of the deceased parent.

*Thomas J. Semmes* and *Edward H. Farrar*, for plaintiff.

*E. T. Merrick*, *W. H. Foster*, and *E. T. Merrick, Jr.*, for defendant.

BILLINGS, D. J. After the commencement of this suit the plaintiff died. He was at the time of the institution of the suit, as well as at the time of his death, a citizen of the state of Mississippi. Upon the suggestion of his death an order was entered that the suit be revived, and that Mrs. Virginia Thomas, widow of former plaintiff, have leave to prosecute the same as administratrix of his estate and as natural tutrix of her minor children. This hearing is upon a motion to vacate that order as having been improperly entered.

The facts which appeared upon the hearing were as follows: The death of B. R. Thomas; that he was domiciled in Mississippi; the appointment there of Mrs. Virginia Thomas as administratrix of his estate; and her recognition in this state as natural tutrix of the minor children.

My conclusion is upon these facts that she may continue this suit. It has never been decided that under the statute (vol. 1, p. 90, § 31) it was necessary for the administratrix, in order to revive a suit, to have taken out letters within the state where the cause was pending. The court is already seized of jurisdiction, and the question would be whether the effect of the statute is not that the suit descends to the representative of the deceased party, be he heir or executor or administrator, as the case may be, in such a way that the only proof necessary is of the death and of that relation.

But it is not necessary to consider that question in this case, for if we concede that it would be necessary to hold that the proof of administration must be the same to entitle a party to revive as to commence a suit, such an administration is established. The natural tutrix of the minor children is under our law clothed with the authority to administer the succession of the estate of the deceased parent.

In *Bryant* v. *Atchison*, 2 La. Ann. 464, the court says it is immaterial whether the property of a succession, in theory, vests partly in creditors or wholly in heirs; that the tutor of minor heirs may, as such tutor, administer the succession, and may bring suit. Whether she has omitted to give bond, or whether there are major heirs, is matter to be established by proof, and until so established will not be assumed.

So, the objection that the assumption of domicile in this state was pretended, cannot be heard in this forum. Whatever ground it might furnish for a revocation of the appointment in the court appointing, it cannot be listened to here. See, also, *Labranche* v. *Trepagnier*, 4 La. Ann. 561; *Hair* v. *McDade*, 10 La. Ann. 534. In *Ventriss* v. *Smith*, 10 Pet. 169, the person conducting the suit was only a non-resident administrator, appointed *ad collegendum;* and even there the court held the authority sufficient.

It is also urged that under the Mississippi law of inheritance the widow inherits the portion of a child. This is true, but it is also true that the choses in action vest in the administrator or executor; therefore the right possibly to receive a portion of the fruits of the administration would not affect the right of Mrs. Thomas to maintain such a suit there as administratrix and here as tutrix. The exception is overruled, and the motion to vacate the order is refused.

---

REVIVOR. The section extends to every action where the cause of action survives, (*Hatfield* v. *Bushnell*, 1 Blatchf. 393; *Trigg* v. *Conway*, Hemp. 711,) but is confined to personal actions, (*Macker* v. *Thomas*, 7 Wheat. 530; *Green* v. *Watkins*, 6 Wheat. 260;) nor does it relate to or affect suits in admiralty, (*The James A. Wright*, 10 Blatchf. 160; but see *The Norway*, 1 Ben. 193.) The revivor of the suit by or against the representative of deceased is a matter of right, and is a mere continuation of the original suit, without distinction as to citizenship. *Clarke* v. *Mathewson*, 12 Pet. 164; S. C. 2 Sumn. 262. The death may occur before or after plea or issue joined, or before or after interlocutory judgment, and the proceedings are to be as if the representative was a voluntary party to the suit, (*Hatch* v. *Eustis*, 1 Gall. 160;) so it may occur before entry of a decree from which an appeal was taken, (*Story* v. *Livingston*, 13 Pet. 359.) The executor may be made a party on his own motion, but he must show that he is executor, and produce letters testamentary if required. *Wilson* v. *Codman*, 3 Cranch, 193. The suit will be continued in the name of the representative, (*Richards* v. *Maryland Ins. Co.* 8 Cranch, 84,) and the adverse party is not entitled to a continuance, (*Wilson* v. *Codman*, 3 Cranch, 193; *Griswold* v. *Hill*, 1 Paine, 483.) Upon a bill to revive, the sole question before the court is the competency of the parties and correctness of the frame of the bill to revive. *Bettes* v. *Dana*, 2 Sumn. 383. On the marriage of a *feme sole* a *scire facias* may issue in the name of the husband and wife to enable her to prosecute the suit. *McCoul* v. *Le Kamp*, 2 Wheat. 111. A bill of revivor cannot be brought against a representative in a state other than whence their authority proceeds, (*Mellus* v. *Thompson*, 1 Cliff. 125;) nor can it be filed against an administrator of a defendant who neither appeared nor was served with process, (*U. S.* v. *Fields*, 4 Blatchf. 326.)—[ED.