JOHN F. WOODS,

*vs.*

FRANCOIS COTY, and EDWIN A. LEE, LEON H. JOHNSTON and WILLIAM H. MOOREHEAD, a co-partnership trading under the firm name of Lee & Co., and JOHN A. HURLEY, HAROLD J. SCHONDELMEIR and ALEXANDER B. DEWAR, a co-partnership trading under the firm name of Hurley & Co., and ALPHEE DUBOIS and RENE MARAIS.

*New Castle, June* 29, 1935.

20

*Aaron Finger,* of the firm of Richards, Layton & Finger, for complainant.

*John Biggs, Jr.,* and *Stewart Lynch,* of the firm of Biggs, Biggs & Lynch, for Coty's administrator and administratrix.

THE CHANCELLOR: At common law the death of a party to an action caused such an abatement that the suit was quashed and ended. In equity however an abatement occasioned by the death of a party resulted only in placing the cause in a state of suspended animation, subject to be revived by a bill of revivor against the personal representatives of the deceased party or his heirs as the case might be. *Story, Equity Pleading,* (6th Ed.) §§ 354, 354a. See *Fennimore, Adm'r., v. Rahow, Ex'r.,* 1 *Del. Ch.* 88, decided in 1819, where the ancient practice of a bill of revivor was followed notwithstanding *Section* 11, *Article* 5 of the *Constitution* of 1792, which is found in the present constitution and appears therein as *Section* 26, *Article* 4.

That section deals with the subject of making new parties in suits in Chancery and at law where one of the original parties has died. It provides that where the cause of action survives, the suit shall not abate, and, *inter alia,* if the deceased party is a defendant, his "executor or administrator being duly served with a *scire facias* thirty days before the return thereof shall be considered as a party to the suit, in the same manner as if he had voluntarily made himself a party; and  * * *  the court shall

pass a decree, or render judgment for or against executors or administrators, as to right appertains." *Rule* 77 of this court was framed in accordance with this constitutional provision.

The complainant in this case secured the issuance of a *scire facias* directed to the personal representatives of Coty and the same was duly served thirty days before its return.

The office of the *scire facias* is to secure the substitution of new parties in a simpler and more speedy manner than was possible under the old English Chancery practice when resort was necessary to be had to the more cumbersome and less expeditious procedure of a bill of revivor.

Such being the nature and purpose of the writ, it follows that no issue can be tendered in response to its command which could not be tendered in response to the bill of revivor for which it is substituted. What was the scope of the defense which might be made to a bill of revivor? In *Bettes v. Dana, 2 Sumn.* 383, *Fed. Cas. No.* 1,368, Mr. Justice Story said, "nothing can be more clear, than, that upon a bill to revive, the sole questions before the court are the competency of the parties, and the correctness of the frame of the bill to revive," and he declined to entertain, at the stage of the hearing on the bill to revive, objections which were urged against the original bill.

It is equally improper, on the return of the *scire facias* in this cause, to enter upon a consideration of the sufficiency of the proceedings heretofore taken under, or the merits of, the original bill to which Coty in his life time was a party. Yet that is what his personal representatives in substance seek to do in response to the writ. It is very much as though a defendant should, without appearing, seek to avoid the consequences of the service of a subpœna upon him by showing that the bill is without equity or that for some other reason, the original suit cannot be maintained.

The case of *Frankel v. Satterfield,* 9 *Houst.* 201, 19 *A.* 898, upon which the defendants so strongly rely, is in no sense pertinent to the question now under examination. The *scire facias* in that case was to obtain execution of an alleged judgment which, the respondents answered, was a void judgment. It was not a *scire facias* to revive a suspended suit by joining new parties as representatives of a former deceased party. Where the *scire facias* seeks execution of a judgment, it is obvious that it is a pertinent and immediate subject of inquiry whether the judgment has a legal existence. That was what the case was in 9 *Houston.* It needs no argument to demonstrate that that case cannot be an authority for the proposition that in a *scire facias* to make parties, it is proper to open up the question of whether a judgment ought to be rendered. That is a question which the proposed new parties have an opportunity to raise and litigate in the regular course of procedure after they are joined and are before the court.

Suppose Coty were living and were found in this jurisdiction and served with a subpœna, could it be successfully contended that he would have a right, without appearance of some sort, to object against being made a party to the cause? It is hardly to be thought so. His personal representatives are in no better situation. If the bill lacks equity, as the third ground of opposition to the writ states, or if the seizure of the stock is impotent to give the court jurisdiction, Coty's representatives should, after they are in court as parties, adopt the course of procedure appropriate under Chancery practice to bring forward their contentions. The points they seek to have answered at this purely initial stage of their entrance into the cause are prematurely raised.

The administrator and administratrix of Coty not having shown sufficient cause to the contrary, they will be joined and considered as parties as if they had voluntarily made themselves such.

Let an order be entered accordingly.