WILLIAM A. RICHEY, Plaintiff in Error, *v.* WILLIAM McBEAN, Defendant in Error.

ERROR TO MASSAC.

A. sued B. before a justice of the peace, to recover back money which B. alleged had been overpaid to A. on a contract for ferriage. Both were sworn at the trial; A. affirmed the existence of a contract, which B. denied. A. then charged B. with perjury and had him arrested, and, on examination, he was discharged, for which B. brought an action for malicious prosecution against A. *Held*, that on the trial of the action for malicious prosecution, A. should be permitted to show in his defence the testimony given by him upon the hearing of the prosecution, touching the existence and character of the alleged contract.

A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged, is probable cause to be shown in defence of an action for malicious prosecution.

THIS action was tried in the Massac Circuit Court, before PARRISH, Judge, and a jury, at June term, 1854; verdict and judgment for the plaintiff below for five hundred dollars and costs.

R. S. NELSON, for Plaintiff in Error.

J. A. LOGAN and C. G. SIMONS, for Defendant in Error.

SKINNER, J. This was an action on the case for malicious prosecution.

Richey, the defendant below, sued McBean before a justice of the peace, to recover back money paid McBean by Richey

for ferriage.    McBean became a witness on the trial for Richey, to prove an alleged contract between them in relation to such ferriage, and testified that no contract in relation to the ferriage was made between him and Richey.    Richey made complaint before a justice of the peace, charging McBean with perjury in so testifying; a hearing was had before the justice, and McBean was discharged.

McBean then brought this suit for such prosecution.    Upon the trial in the Circuit Court, McBean proved the prosecution and his discharge, and proved facts and circumstances tending to establish malice and want of probable cause.    Richey, without objection, proved that he, on hearing of the prosecution for perjury, testified: that a contract was made between McBean and him as to the charge to be made for the ferriage; that McBean testified, on the trial of the civil suit between them, that no contract was ever made relating thereto; and that the testimony of McBean was untrue.

The proceedings in the civil suit were proved, by which it appeared that McBean was sworn and testified on that trial, and denied the making of the alleged contract with Richey, or any contract relating to the ferriage.

Richey also proved that McBean, before the commencement of the civil suit of Richey against him, stated that he had agreed with Richey to ferry at five cents per barrel, but that now he would not do it for less than ten cents per barrel.

Considerable other evidence was offered by McBean and by Richey, upon the question of *probable cause*, but wholly unsatisfactory in its character.

The error assigned is: the refusal of the Circuit Court to set aside the verdict against Richey, because it was against the law and the evidence; and the only question is: was the defendant entitled to a new trial upon the evidence?

In this action, the declaration must charge that the defendant was actuated by malice in setting on foot the prosecution, and that the same was done without probable cause; to maintain the action these allegations must be proved, and it is for the plaintiff to prove them.

In this case, if it be admitted that the plaintiff established *prima facie* want of probable cause, yet, that the *prima facie* case was overthrown by the evidence on the part of the defendant, as given at the former trial, the testimony of the defendant given upon the hearing of the charge of perjury was before the jury, and that testimony, if true, showed a fit case for prosecution.

This testimony is corroborated by proof of an admission of the plaintiff inconsistent with the truth of his testimony in the

civil suit, and it may be said (in the absence of anything to the contrary) that the fact of the defendant calling upon the plaintiff to testify in relation to the alleged contract, when his case depended upon the proof of such contract, is a circumstance consistent only with the supposition that he understood that a contract did exist, and that he relied upon it for redress.

From all that appears in the case, the contract, if one existed, was known only to the parties, and it would seem to follow, upon grounds of public policy and of necessity, that the testimony of the defendant, given upon the hearing of the prosecution touching the existence and character of the alleged contract, should be admitted in his defence of an action brought against him for such prosecution.

If this is not the law, no citizen would be safe in prosecuting another for crime, where the offence is peculiarly within his knowledge and not attended with circumstances susceptible of proof by others. *Johnson et ux.* v. *Browning,* 6 Mod. R. 216 ; *Guerrant* v. *Tinder,* 1 Va. R. 56 ; *Burlingame* v. *Burlingame,* 8 Cowen 141 ; *Scott* v. *Wilson,* Cooke's R. 315 ; 1 Greenl. Ev., Sec. 362 ; 2 ibid., Sec. 457 ; *Scott* v. *Simpson,* 1 Sand. R. 601.

The policy of the law is to favor prosecutions for crimes, and it will afford such protection to the citizen prosecuting as is essential to public justice.

We think the evidence on the part of the defendant established probable cause for the prosecution. Had the plaintiff been on trial of an indictment for perjury, and had a jury found him guilty upon the positive evidence of Richey, and the admission of the contract proved, we cannot say the verdict could properly be set aside for insufficiency of the evidence ; and if this be so, it follows that the evidence in this case established probable cause.

Probable cause is defined to be : " a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged." *Munns* v. *Dupont et al.,* 3 Wash. C. Ct. R. 31 ; *Foshay* v. *Ferguson,* 2 Denio 617 ; *Ash* v. *Marlow,* 20 Ohio 119 ; *Jack* v. *Stimpson,* 13 Ill. 701.

Upon this definition, it cannot be doubted that the evidence established probable cause.

Judgment reversed and cause remanded.

*Judgment reversed.*