## Case No. 15,089.

### UNITED STATES v. FIELDS.

[4 Blatchf. 326.] [1]

Circuit Court, S. D. New York. May 26, 1859.

PRACTICE IN EQUITY—BILL OF REVIVOR.

Where a defendant in a suit in equity has neither been served with process nor appeared in the suit, a bill of revivor against his administrator, after his death, is not proper, and the court will not make an order reviving the suit against such administrator.

This was a bill in equity, filed by the United States against George A. Gardiner in his lifetime, and the New York Life Insurance and Trust Company. A subpoena and an injunction were served upon the trust company, as the depository of certain moneys sought to be recovered by the plaintiffs in this suit, the ground of the suit being that

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

those moneys had been fraudulently obtained by Gardiner, under the Mexican claims commission. The plaintiffs having filed a bill of revivor against the administrator of Gardiner [Thomas C. Fields], now applied for an order reviving the suit against him as such administrator.

Charles H. Hunt, Asst. Dist. Atty., for plaintiffs.

Abraham B. Tappen, for defendant.

HALL, District Judge. As it appears that Gardiner, the defendant in the original suit, never appeared therein, and was never even served with process, I am of the opinion that a bill of revivor is not proper, and that the application for the order sought by the attorney for the United States must be denied. The following authorities are, I think, decisive of the case, and they will sufficiently indicate the course proper to be pursued: 3 Daniell, Ch. Prac. 1673, 1698, 1707, 1708; 2 Barb. Ch. Prac. 36, 37; Crowfoot v. Mander, 9 Sim. 396; Stewart v. Nicholls, Tam. 307; Hardy v. Hull, 14 Sim. 21; Foster v. Foster, 16 Sim. 637.

The motion is denied, but without prejudice to any future application for leave to file a supplemental bill, or a bill in the nature of a supplemental bill, or to any motion which the United States or the defendant may think proper to make.