## *JOHN CHAPMAN vs. MILES W. DODD.

Where a criminal docket is kept by a Justice of the Peace and a record made
of proceedings before such Justice the record is competent evidence. No sig-
nature to the docket is required ; it may be identified by the Justice or any
other competent evidence.

In an action for malicious prosecution, the complaint, after alleging the ex-
amination before the Justice, avers: "at which examination the defendant did

---

*This cause was heard and submitted before Mr. Justice Berry took his seat
on the Bench.

Chapman v. Dodd.

not appear to support his said complaint, and upon such examination the said Justice adjudged that the plaintiff was not guilty of such offence, and that there was no probable cause for charging him therewith, and fully acquitted him thereof." The record offered showed, that upon the examination the complainant did not appear, and as there was no witness for the prosecution the case was dismissed and the prisoner discharged, &c.    *Held*—That the docket was admissible to show the termination of the prosecution, and that there was no variance between the proof and allegation.

Where a complaint charges a crime and the prosecution is instituted before a tribunal having jurisdiction, and the defendant arrested upon a warrant regular upon its face, an action for malicious prosecution will lie.

The depositions of witnesses taken by a Justice of the Peace on the examination in a criminal case, are not a part of the record of the proceedings before the Justice.

The reasons of a Justice of the Peace for the discharge of a defendant can not be shown to impeach his record, and for other purposes are immaterial.

In an action for malicious prosecution the conduct and declarations of the defendant toward the plaintiff about the time of the prosecution, tend to characterize the *animus* of the defendant, and are proper to go to the jury to show express malice.

The only effect of *sections 15 and 25, of chapter* 103, *Comp. Stat.*, is to relieve the examinations of witnesses, taken in accordance with their provisions, of their otherwise extra-judicial character; the same rules are applicable to them as evidence which apply to other depositions. When the witness himself may be produced, the deposition is not admissible.

Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. The facts or circumstances upon which the prosecutor acted must constitute probable cause. The existence of the facts is an original question upon the trial for malicious prosecution, and is to be found as any other fact. The testimony of witnesses given upon the trial of the criminal action cannot be proved but by the witnesses themselves, or if they are dead, by the usual secondary evidence.

As under our legislation the defendant is a competent witness, he stands in the same position as other witnesses.

Where it in no manner appears that the witnesses whose depositions were taken on the examination, are dead or can not be procured on the trial, but the defendant is present at the trial, the depositions are not admissible.

The Court charged the jury that "the acquittal of the plaintiff before a

Justice of the Peace is *prima facie* evidence of want of probable cause; and from want of probable cause the jury may infer malice." *Held*—where the only discharge or acquittal in evidence was the discharge by the Justice of the Peace, that the jury could not have been misled by the use of the word *acquittal*, and that the charge referred to the discharge of the plaintiff by a Justice of the Peace.

When on an examination in a criminal case, before a Justice of the Peace, all the facts in regard to the commission of the crime charged are stated as within the personal knowledge of the prosecutor, and he is examined before the magistrate, by whom the party charged with the crime is discharged, such discharge is *prima facie* evidence of want of probable cause. The calling of witnesses for the defence *on the examination*, does not affect the discharge as evidence.

The question of probable cause was not left to the jury by the charge given.

The jury are the proper judges of the amount of damages to be allowed in actions of this kind, and unless there is something in the case showing that the jury in their determination were influenced by passion, prejudice, or some improper motive, the Court will not interfere to disturb their verdict.

This action was brought in the Fillmore County District Court for malicious prosecution. Issue was joined therein, and the cause was tried at the December term, 1863, and resulted in a verdict in favor of plaintiff for $1,500. During the trial various exceptions were taken to the admission of testimony, both by the plaintiff and defendant, and also an exception by the defendant to the charge of the Judge. Upon the reception of the verdict, the defendant moved for a new trial upon the following grounds, viz:

First, excessive damages appearing to have been given under the influence of passion or prejudice.

Second, insufficiency of the evidence to justify the verdict, and that the same is against law.

Third, errors in law occurring at the trial and excepted to by the defendant.

The Court denied the motion and the defendant appeals to this Court.

A sufficient statement of the cause of action and of the exceptions taken on the trial, appear in the opinion of the Court.

R. A. JONES for Appellant.

C. G. RIPLEY for Respondent.

*By the Court*—MCMILLAN, J.—This is an appeal from an order of the District Court denying a motion for a new trial. The action was brought in the Court below, for malicious prosecutions. The complaint contains two causes of action. The first alleges a prosecution by the defendant Dodd, against the plaintiff, before C. W. French, a Justice of the Peace, for the crime of sodomy. The second count alleges a prosecution before H. G. Reppy, a Justice of the Peace, for the crime of an attempt to commit sodomy. Each prosecution is alleged to have been malicious and without probable cause, and in each case it is alleged that the justice upon the examination adjudged that plaintiff was not guilty of the supposed crime, and that there was no probable cause for charging him therewith, and fully acquitted him thereof. The cause was tried and resulted in a verdict for the plaintiff, whereupon the defendant moved for a new trial, which was denied, and the defendant appealed.

The first two questions put to the witness Reppy, were merely preliminary to the proof and introduction of the docket, and the objections were properly overruled.

It is urged that the Court erred in admitting the docket of the Justice, Reppy, because—

First—There is no statute authorizing a docket in such cases.

Second—That it does not correspond with the allegations in the complaint.

Third—There is no signature of any magistrate to the docket.

Whether the statute requires a criminal docket to be kept by Justices of the Peace in cases of this kind, is immaterial, it appears that a docket and a record were made of the proceedings in this instance. Under such circumstances the record is clearly competent evidence. 1 *Greenl. Ev.*, *Sec.* 513. No signature is required to the docket; the record may be identified by the Justice, or any other competent proof. Was there a variance between the allegation and the proof offered? The complaint after alleging the examination before the Justice, avers " at which ex-

amination the defendant did not appear to support his said complaint, and upon such examination the said Justice adjudged that the plaintiff was not guilty of such offence, and that there was no probable cause for charging him therewith, and fully acquitted him thereof," &c.

The record offered shows that upon the examination " the complainant did not appear, and as there was no witness for the prosecution, the case was dismissed and the prisoner was discharged," &c.

It is necessary in an action of this kind to show the termination of the prosecution upon which it is based, and the termination must be shown substantially as alleged. Unless, however, there is a substantial difference between the allegation and the proof it will not be regarded as a variance, if as in this case the termination is pleaded according to its legal effect. We think the proof in this instance sustains the averment, and was admissible for the purpose of showing the termination of the prosecution before Reppy. Where a magistrate has authority only to bind over or discharge a person accused, and he discharges him, the discharge is equivalent to an acquittal, and will avail the accused as evidence to support an allegation of acquittal. *Sayles vs. Briggs*, 4 *Met.*, 421. The complaint in this case follows the precedents in like cases, 2 *Ch. Pl.* 610 *and note C*, (10 *Am. Ed.*) 1 *Arch. N. P., page* 590.

The complaint and warrant in the case before Reppy were objected to on the ground that the complaint was not subscribed by the defendant. The making of the complaint and issuance of the warrant are admitted by the answer, and the evidence may not have been necessary. However that may be, we are of opinion that notwithstanding the defect, the action for malicious prosecution will lie. The complaint charged a crime and the prosecution was instituted before a tribunal having jurisdiction, and a warrant regular upon its face was issued, and the defendant arrested—this will sustain the action. *Stone vs. Stevens*, 12 *Conn.*, 225, *and authorities cited ; Morris vs. Scott*, 21 *Wend.*, 281.

The second witness called by the plaintiff was C. W. French,

who testified that he was a Justice of the Peace. The plaintiff then asked the witness this question: Was there any criminal proceedings before you as such Justice by the complaint of Dodd the defendant, against the plaintiff Chapman, about June. 15, 1863? Which was objected to as irrelevant and incompetent. The objection was overruled and the defendant excepted. The witness answered there was a complaint made before me by defendant Dodd against plaintiff Chapman, June 15, 1863, charging him with the crime of sodomy. The plaintiff then asked the witness to produce his docket of said proceedings, and all papers relating to said proceedings filed in said case. The defendant objected that the same were irrelevant and incompetent. The Court overruled the objection, and defendant excepted. The witness then produced his docket, the complaint made and the warrant issued, which were severally read to the jury. The docket in this instance showed the examination of the defendant as a witness for the State, and four other persons as witnesses for the defendant, and the determination of the prosecution as follows: " After hearing the testimony of the above witnesses there was nothing to show that the crime of sodomy had been committed; the defendant was therefore discharged." .

These objections are both disposed of by the determination of similar objections to the docket and examination of the witness Reppy.

The witness French upon cross examination testified that the defendant Dodd was present (at the examination) and examined as a witness for the prosecution. There were three or four witnesses for the defence. I took the evidence in writing in the shape of depositions as it was an examination. I have the evidence here. The defendant asked the witness to produce the same for the purpose of reading the same to the jury, which was objected to as irrelevant and incompetent. The objection was sustained and the defendant excepted. This evidence was clearly incompetent as a cross examination. The depositions or examination of the witnesses had not been referred to in the examination in chief, and were not any part of the record offered by the plain-

tiff, nor was the plaintiff required to offer them in evidence. *Briggs vs. Clay*, 3 *Ner. & M.*, 464.

The defendant then asked the witness, why did you discharge the plaintiff Chapman on the examination before you, which was objected to by the plaintiff, as incompetent and irrelevant. The objection was sustained and the defendant excepted.

The reasons of the Justice for his judgment are entirely immaterial, and if the object was to impeach the judgment, it was incompetent. The judgment of the Justice cannot be thus impeached. *Bacon vs. Towne and others*, 4 *Cush.* 236. If it was desired to rebut the effect of the judgment as evidence of want of probable cause, it must be done in another way.

The plaintiff called as a witness Elizabeth Schofield, who testified that she lived with the defendant in June last (1863), and before that time. Plaintiff lived with the defendant about two months while I was there; left some time in May last—about the end of May. The plaintiff asked the witness to state whether the defendant and plaintiff had any quarrel or difficulty at the time the plaintiff left the defendant; to this the defendant objected, and the Court overruled the objection and defendant excepted. The witness answered: cannot state the language; but Dodd did not seem willing that the plaintiff should leave him; plaintiff had been at work for Dodd.

The plaintiff also asked the witness, " Have you at any time since May, 1863, heard any conversation between defendant and any person relating to plaintiff?—if yea, state the same;" which was objected to by the defendant as irrelevant and incompetent. The objection was overruled and the defendant excepted. The witness answered: I heard a conversation between the defendant and one Sherman shortly after the plaintiff left defendant. Sherman was asking whether defendant thought plaintiff could be got to work on the railroad. Defendant answered that if the plaintiff did not work for him he would not work on railroad or anywhere else long.

It is competent for the plaintiff in an action for malicious prosecution to prove express malice on the part of the defendant. The

conduct and declarations of the defendant toward the plaintiff, about the time of the prosecution, tend to characterize the *animus* of the defendant, and are proper to go to the jury to show express malice. 2 *Greenl. Ev.*, sec. 453; 2 *Stark. Ev.*, 783; *Caddy vs. Barlow*, 1 *Man. & Ryl.*, 252. We think the objections were properly overruled.

The plaintiff having rested his case, the defendant moved that the action be dismissed on the ground of the insufficiency of the evidence to justify a verdict for the plaintiff. The motion was denied and the defendant excepted. There was sufficient evidence in this case to submit the case to the jury. The motion was properly denied.

The defendant upon his part then called as a witness, C. W. French, who testified as follows: "I am the Justice before whom plaintiff was examined on the charge of having committed the crime of sodomy. The evidence was taken in writing before me." The defendant offered to produce said evidence for identification by the witness, and then read the same to the jury to which the plaintiff objected. The Court sustained the objection and the defendant excepted. We will consider this objection as if the evidence had been produced and offered. The statute relating to the examination of offenders, &c., contains the following provisions. *Pub. Stat.*, *Ch.* 103.

"Section 15. The testimony of the witnesses examined shall be reduced to writing by the magistrate, or under his direction, when he shall think it necessary, and shall be signed by the witnesses if required by the magistrate.

"Sec. 25. All examinations and recognizances taken by any magistrate in pursuance of the provisions of this chapter, shall be certified and returned by him to the District Attorney or the Clerk of the Court before which the party is bound to appear, on or before the first day of the sitting thereof, and if such magistrate shall neglect or refuse to return the same, he may be compelled forthwith by rule of Court, and in case of disobedience, may be proceeded against by attachment as for contempt."

The statute no where prescribes the effect of examinations taken

vol. x.—46

pursuant to these sections. We cannot presume that it was the intention of the Legislature in these provisions to change any rule of evidence. These provisions are not novel ones in criminal jurisprudence, and we are not left without authority as to their purpose and effect. Similar statutes have existed in England since as early a period as A. D. 1554. 1 *and* 2 *Ph. & M., Ch.* 13; 2 *and* 3 *Id., Ch.* 10; *Roberts' Dig.,* 77, 81. And in referring to the statute of 7 *Geo.* 4, *Ch.* 65, *Sec.* 2, which was a substitute for the former statutes, Mr. Starkie remarks, the object of this legislation was to enable the Court to see whether a person had been properly admitted to bail, and whether the witnesses were consistent or contradictory in the evidence which they gave, without manifesting any intention to alter the law of evidence. But such depositions in being warranted by the former and present statutes, became evidence in particular cases upon general principles of evidence, that objection having been removed by the statutes which would otherwise have operated to their exclusion, namely that they were extra-judicial. 2 *Stark. Ev.,* 382, *title Depositions.*

The only effect, therefore, of the statute is to relieve these examinations of their otherwise extra-judicial character. The same rules, therefore, are applicable to them as evidence which apply to other depositions. It is a well settled principle that depositions are in their nature secondary evidence—they bear upon their face evidence of a more original source of information, namely, the living witness, and under the rule that the best evidence of a given fact must be produced, are not admissible until the proper grounds exist for their admission as secondary evidence. Without adverting to all the qualifications of this rule, it is sufficient to say that when the witness himself may be produced the deposition is not admissible. 1 *Stark. Ev.,* 310; 2 *Id.,* 382. But the position assumed by the appellant's counsel is that the fact to be proved is what was testified to on the hearing before the Justice, not what the witnesses will now testify to, and that the depositions are the best evidence. This position, we think, is erroneous. This action is to be carefully distinguished from an action against a Justice for a malicious conviction. The defence to be maintained by

Chapman v. Dodd.

the defendant here is that there was probable cause for the *prosecution*. Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. *Bacon vs. Tower and others*, 4 *Cush.*, 239. In the former case the conviction is based upon the evidence before the Justice. In the latter the prosecution is based upon the existence of a state of facts prior to its institution. The testimony delivered upon the hearing could not have influenced the action of the prosecution in commencing the proceedings, for at that time it had no existence; but it was the existence of facts and circumstances relied upon by the prosecutor before instituting the prosecution which induced his action. The testimony upon the trial could not have originated the facts, but was merely the evidence of their prior existence; it is the facts or circumstances, therefore, upon which the prosecutor acted which must constitute probable cause, and not the evidence of them given upon the trial. The existence of the facts, then, is an original question upon this trial, and although they may have been once proved before another tribunal, that does not establish them for this trial, but they are to be established here *de novo*. The best evidence of the facts must, therefore, be produced, which clearly excludes the depositions offered. We find ample authority to support this position. In *Burley vs. Bethune*, which was an action against a magistrate for a malicious conviction, Gibbs, C. J. says: There is a wide distinction between an action against the prosecutor for a malicious prosecution, and an action against a magistrate for a malicious conviction. In the former case proof that there was in reality no ground for imputing the crime to the plaintiff, shows that the prosecution was instituted without probable cause and malice may be inferrred from thence. What passed at the trial is in that case immaterial. The prosecutor may have sworn to the truth of the charge, but that will not show that he had a probable cause for it. 5 *Taunt.*, 583.

The rule laid down by Greenleaf is clear and distinct. And in *proof* of *probable cause* for a criminal prosecution, it seems that the testimony of the defendant himself to facts peculiarly within

his own knowledge given upon the trial, *diverso intuito*, is admissible in the action against him for causing that prosecution. But the testimony of *other witnesses* given on that occasion cannot be proved but by the witnesses themselves, or if they are dead by the usual secondary evidence. 2 *Greenl. Ev.*, *Sec.* 457, *and authorities cited.* The same rule is distinctly laid down in *Burt vs. Place*, 4 *Wend.*, 591; *Richards vs. Foulk*, 3 *Ohio*, 53; *Haidekoper vs. Cotton*, 2 *Penn. R.*, 149; *Id.*, 3 *Watts*, 56; *Lauence vs. Lanning*, 2 *Carter*, 256; *see also* 1 *Greenl. Ev.*, *Sec.* 352. In treating of this action, Buller says: "As it (malice) may come to be left to a jury, it is advisable for the defendant to give proof of probable cause, if he be capable of doing it, and for this purpose proof of the evidence given by the defendant on the indictment is good." *Buller, N. P.*, 14. The evidence referred to here, we think, is the evidence of the defendant personally, and not the evidence generally offered on the part of the prosecution, for in a subsequent paragraph the same writer says: "when the action is for a malicious prosecution for felony, the first part of the defendant's defence must be to prove a felony committed, and therefore, *if no body were by at the time* of the supposed felony, but the defendant or his wife, their oath at the trial of the indictment may be given in evidence to prove the felony. *Buller, N. P.*, 15.

"Where in case for a malicious charge of felony the *plaintiff* puts in to prove a formal part of his case the defendant's and another person's depositions before the magistrate, the defendant has a right to use *his own* deposition as evidence in the cause, but not that of the other deponent." *Steph., N. P.*, 2283; *citing Jackson vs. Bull*, 2 *M. & Rob.*, 176.

In an action on the case for a libel upon the plaintiff by the proprietors of the Cheltenham Examiner, the defendants pleaded a justification. The libel consisted in a publication charging the plaintiff with having falsely and maliciously accused his mother-in-law and others of forging or conspiring to forge a will. The counsel for the defendants having examined in chief a witness who was present during the inquiry before the magistrate into the charge preferred by the plaintiff against the mother-in-law and

the others, the plaintiff's counsel proposed to ask the witness on his cross examination what was said by the other witnesses who had been examined on the part of the prosecution at the inquiry. The point involved here was whether the prosecutor had reasonable or probable cause for instituting the criminal proceedings, and the object of the plaintiff was to prove probable cause by showing ing the testimony before the Justices—precisely the point in the case at bar.　Tindal Ch. J., says: You have a right in an action for a malicious prosecution to have the story which the prosecutor has himself given, from the necessity of the case, but no such necessity exists here; you can call the witnesses who were examined before the magistrate at Cheltenham, but you wish to give in evidence what they then said, without subjecting them to a cross examination.　The evidence was rejected.　*Newton vs Rowe and another*, 1 *Car. & Kirw.*, 616; 47 *Eng. Com. L.*, 616.

It is true the authorities in Massachusetts, Connecticut, New Hampshire, and some other States, are *contra*.　In *Bacon vs. Towne and others*, 4 *Cush.*, 239, the Court lays down the opposite rule, and after defining probable cause as we stated *ante*, says: "The facts testified to in the examination may have been very influential in raising such suspicion or belief, and are therefore competent evidence to show the ground he had of cause to believe, whether they were true or not.　They are therefore facts material to the issue to be proved by any witness who can testify to them as well as by those who testified at the examination.　These witnesses may be dead, absent or insane; they may have forgotten them, or refuse to testify to them; or even deny them, it is not the less true that they did so testify, and if the testimony was of a character to induce a belief or strong suspicion in the mind of a reasonable man of the guilt of the accused of the crime charged, they had a direct bearing on the issue of probable cause or not in the action for malicious prosecution."

There is no doubt that the facts testified to on the examination may be material and competent to show probable cause, but, with the greatest respect for the opinion of the learned Court, we think it does not follow that the evidence given on the examination to

establish such facts is competent on the trial of the action for malicious prosecution. The question is, how shall the facts be established now; shall the proof of them given on the examination be admitted on the trial of this action? Evidence of a third party that certain facts were testified to is not the best evidence of the existence of the facts, and that is what the rule requires. But the Court says, these witnesses may be dead, absent or insane; then upon proof of the facts the ground is laid for the admission of secondary evidence, and proof of their testimony is admissible under the rule. But the Court further say, the witnesses may have forgotten or refuse to testify to the facts, or even deny them. We can only say that these, although extreme instances, are misfortunes to which every suitor is liable, but they form no exception to the rule of evidence, and are no reasons for its violation. A witness in any case may forget the most important fact, yet it will scarcely be contended that that would be ground for the admission of secondary evidence. If a witness refuses to testify, the law punishes for contumacy, and compels him to testify; if he swears falsely it punishes him for the perjury. We see nothing, therefore, in the reasoning of the Court which satisfies us of the correctness of the rule laid down in that case. And as the question is a new one in the jurisprudence of our State, we are at liberty to take that view which seems to us most in harmony with principle and the weight of authority on the question.

The reason why the deposition or testimony of the defendant himself upon the hearing was admissible, was solely because he was not at common law a competent witness in the civil action. 1 *Greenl. Ev.*, *Sec.* 352, *and note* 2. As under our legislation no such disability exists, the same rule cannot apply, but the defendant stands in the same position as other witnesses. *Cessante ratione cessat ipsa lex.*

As it in no manner appeared that the witnesses whose depositions were offered were dead, or could not be produced on the trial, but on the contrary the defendant was present at the trial, the testimony was properly rejected by the Court.

The defendant having been called as a witness, in the course

Chapman v. Dodd.

of his examination, after stating the circumstances of the alleged offence by the plaintiff, testified: I did not speak to him about it; I was so shocked that I did not know what to do; I went to Winona afterwards in a few days and took counsel there, and came back and made the complaint before Justice French. The defendant's counsel then asked the witness the following question: "After you had witnessed the criminal act of the plaintiff, what did you first do in relation to the same, and why did you not complain of him at once?" to which the plaintiff objected as irrelevant; the Court sustained the objection, and the defendant excepted. We think the question was relevant, and so far as the objection is concerned should have been allowed. But as the object of the question clearly was to account for the delay in making the information, and the witness had just stated fully his action in the premises, and his reasons for the delay, we cannot see that any injury could result to him from the ruling of the Court, and we do not feel at liberty to disturb the verdict on this ground.

The Court in the charge instructed the jury as follows: "The acquittal of the plaintiff before the Justice of the Peace is *prima facie* evidence of want of probable cause. And from the want of probable cause, the jury may infer malice." To which the defendant excepted.

It is urged by the respondent that the word "discharge" was used by the Court instead of "acquittal," and that the instruction was limited in its application to the discharge by Justice French, and that the present state of the paper book is an oversight. However that may be, the only discharge or acquittal in evidence was that before the Justices of the Peace, and the jury could not have been misled with regard to the fact that the Court referred to the action of the Justices.

In the case before Justice Reppy, the defendant Dodd was not present; the discharge of the plaintiff, therefore, by him, could not have been evidence of want of probable cause, or of any other fact than the institution and termination of the prosecution, but at the examination before French he was present and examined as a witness. If, therefore, the discharge by a Justice under such cir-

cumstances is *prima facie* evidence of want of probable cause, the charge to this extent would be correct as applicable to the first cause of action in the complaint. The paper book does not purport to set forth the entire charge of the Court, nor any other portion of it than that quoted and excepted to, nor does it give the connection in which this was used. In this the Court uses the definite article referring evidently to one particular discharge, and from all the circumstances we are satisfied that the portion of the charge excepted to applied to the discharge by Justice French. We come, then, to the correctness of the charge.

That malice may be inferred by the jury from want of probable cause, is a principle which is too well settled to admit of argument. *Burley vs. Bethune,* 5 *Taunt.,* 583 ; 2 *Stark. Ev.,* 684 ; 2 *Greenl. Ev., Sec.* 453 ; *Stone vs. Crocker,* 24 *Pick.,* 87, *and authorities cited.*

Is a discharge on the merits after an examination by the Justice such evidence of want of probable cause as will authorize the jury to infer malice? This is a much more delicate and doubtful question. Actions for malicious prosecution are not to be encouraged, as they tend to prevent prosecutions for crimes, and the law looks upon them with a jealous eye. But no greater injury can be inflicted on an innocent man than a prosecution for a criminal offence, and when the process of law is perverted by a malicious heart, through a groundless prosecution, to the infliction of such an injury, every principle of justice and humanity demand its redress.

To establish want of probable cause is to prove a negative ; the same degree of proof, therefore, is not required as to prove an affirmative proposition ; but slight evidence will generally be sufficient. 1 *Am. L. Cases,* 223, *and authorities cited.*

On an examination before a magistrate who has power only to commit or discharge, if it appears that there is *probable cause to believe* that an offence has been committed and that the party charged therewith is guilty, it is the duty of the magistrate to hold the party to trial or commit, otherwise he must discharge. In case of a discharge, therefore, the inference is that there is not

probable cause to believe either the commission of the offence or the guilt of the party charged. In the case of an acquittal on a trial by jury it is altogether different; there the guilt of the defendant must be established beyond all reasonable doubt. All the authorities agree that an acquittal by a jury is not evidence of want of probable cause, and the same rule obtains where a defendant is discharged by a magistrate for want of prosecution, as in the case before Reppy. But the authorities differ as to whether a discharge by a magistrate after examination is *prima facie* evidence of want of probable cause. There are certainly respectable authorities which hold that a discharge under such circumstances is *prima facie* evidence of that fact. 1 *Am. Lead. Cases*, 223, *and authorities cited;* 2 *Greenl. Ev., Sec.* 455, *and authorities cited*. In the case at bar, however, it appears from the testimony of the defendant that he personally witnessed the commission of the crime charged against the plaintiff; the circumstances are stated as of his personal knowledge and testified to positively; he was examined before the magistrate and was the only witness for the prosecution. Under such circumstances it is difficult to see why a discharge of the defendant by the magistrate should not be *prima facie* evidence of want of probable cause. Without going to the extent that in all cases a discharge by a magistrate is to have this effect, we are of opinion that where as in this case all the facts in regard to the commission of the crime charged are stated as within the personal knowledge of the defendant, and he is examined before the magistrate by whom the party charged with the crime is discharged, such discharge is *prima facie* evidence of want of probable cause. 9 *East*, 362, *Nicholson vs. Coghill;* 4 *Barn. & Cres.*, 21, 23.

The calling witnesses for the defence *on the examination* does not affect the discharge as evidence, for all the evidence is to be considered to determine whether there is *probable cause*. "The prosecutor may have sworn to the truth of the charge, but that will not show that he had a probable cause for it." 5 *Taunt.*, 583, *Burley vs. Bethune.*

The question of probable cause is not by this portion of the

charge left to the jury. That is a distinct question. We see no error therefore in the charge of the Court as applied to this case.

The affidavit offered on the hearing of the motion for a new trial was properly rejected by the Court. It was both incompetent and immaterial.

The jury are the proper judges of the amount of damages to be allowed in actions of this kind, and unless there is something in the case showing that the jury in their determination were influenced by passion, prejudice or some improper motive, the Court will not interfere to disturb their verdict. *Chamberlain vs. Porter*, 9 *Minn.*, 269. We see nothing in this case to call for our interference.

The order denying a new trial is affirmed.