## *IRA COLE

### *vs.*

### JOHN CURTIS et al.

Where a criminal docket is kept by a justice of the peace, and a record made of proceedings in a criminal case before such justice, the record is competent evidence.

Where the docket of the city justice of a city is produced, and the acting city justice testifies that he found it at the office of such city justice ; that it is one of the records of that office ; that a certain person by whom the entries in the docket purport to have been made, was city justice ; that he knows the hand writing of such person, and that certain entries are in his hand writing, the docket is sufficiently identified and authenticated.

In an action for malicious prosecution, where the docket of the justice showed the institution of a prosecution of the plaintiff by defendants by a complaint for larceny , that a separate complaint for a search warrant was also made in the same proceeding ; a search warrant issued and returned ; the defendant in court ; the examination commenced and adjourned till a particular time ; that a recognizance was required and given for such adjournment; the examination and discharge of the defendant at such adjourned day ; the original complaint for larceny, the complaint for search warrant, (which refers to nd recites the original complaint for larceny) the warrant and return thereon, and the recognizance, are parts of one proceeding, and

*Mr. Justice Berry having been absent at the argument of this cause, on account of sickness, took no part in its consideration or determination.

Cole v. Curtis et al.

are admissible in evidence. And where it appears that the accused was arrested upon the search warrant and brought before the justice and held to answer before him upon the charge of larceny, and the examination of the accused for that crime was thereupon had, in which the defendants in the civil action participated, although the proceeding may have been irregular, the defendants in the action for malicious prosecution cannot take advantage of it, and such proofs support the allegations of a complaint alleging a prosecution and arrest of the plaintiff for larceny.

When on the trial of an action in the court below, the defendant at the close of the testimony, in chief, of the plaintiff, moves to dismiss the action on the ground that the plaintiff has failed to prove his cause of action, which is denied, and the cause proceeds, and further testimony is offered on both sides, in reviewing such decision on appeal the appellate court will not confine its attention to the state of the proofs at the time the motion is made, but will look to all the testimony in the case, and if it appears therefrom that there is sufficient evidence in support of the plaintiff's case to submit the cause to the jury, the exception to the refusal of the court to dismiss the cause at the close of the testimony in chief of the plaintiff will not be sustained.

The legal effect of a bill of sale and inventory attached thereto, as a transfer of property, is to be determined from the instrument itself, and if no attack has been made upon it either in respect to the consideration, or the *bona fide* character of the transfer, evidence in support of it in either respect is not admissible.

In an action for malicious prosecution, where the facts as to probable cause are in conflict, it is not error for the court to refuse to instruct the jury that if they "believe the testimony and evidence produced by the defendants, the facts thereby proved show probable cause" If a party desires the court to instruct the jury that the facts establish probable cause, he should enucleate such facts from the evidence, and request the court to charge the jury that if they find such facts to be proved, they constitute probable cause.

What facts constitute probable cause is a question of law for the court; the existence of such facts is to be determined by the jury; and when the facts are in controversy, the court properly submits the question to the jury, instructing them what is probable cause.

An instruction to the jury "that probable cause is such a state of facts, known to and influencing the prosecutor, as would lead a man

of ordinary caution and prudence, acting impartially, reasonably, and without prejudice, to believe that the person accused is guilty," is erroneous. Standing alone it would convey the impression to the jury, that a person commencing a prosecution for a crime committed against his person or property, must act with the same impartiality and freedom from prejudice in drawing his conclusion as to the guilt of the accused, that a person entirely disinterested would deliberately do.

"Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." The instruction given is not within this rule, but is inconsistent with it; and although both instructions were given in the course of the charge, it is impossible to say by which the jury were governed.

In an action for malicious prosecution against two defendants who appear and answer jointly, and except jointly to an instruction which is erroneous as to one, but as to which the other cannot complain, in the absence of a several exception by the defendant as to whom the charge would be erroneous, he cannot take advantage of it.

Where in a preliminary examination upon a criminal charge before a magistrate witnesses for the defense (including the defendant himself) may be examined, if the facts upon which the prosecution is founded are not within the personal knowledge of the prosecutor, the discharge of the accused upon the hearing by the magistrate is not *prima facie* evidence of want of probable cause in an action by the accused against the prosecutor for a malicious prosecution.

*Chapman vs. Dodd*, 10 *Minn.*, 350, referred to and approved.

It does not follow that because a party makes a full and correct statement of a case, as he honestly believes, to his counsel, and receives his advice thereon, and acts upon it, and in pursuance of it, that his action is in good faith; he may, after the advice, be informed of facts which satisfies him that the accused is not guilty. Good faith in acting under the advice of counsel is necessary in order to protect the party.

It is not error for the court to refuse an instruction to the jury which omits the requisition of good faith in acting under the advice of counsel, and to give the instruction with such modification.

Whether action taken under legal advice was taken in good faith is a question of fact for the jury.

Cole v. Curtis et al.

The appellate court will consider only objections to such portions of the charge of the court below as were specifically excepted to at the trial.

This action was commenced in the district court for Ramsey county against John Curtis and Edgar Nash, partners as Curtis & Nash, to recover damages for an alleged malicious prosecution. Judgment was recovered by the plaintiff in that court, and the defendants appeal. A very full statement of the case appears in the opinion of the court. An allusion, however, is made therein to the sixth, ninth and tenth instructions given by the court at the trial, at the instance of the plaintiff, and excepted to by the defendants, which do not appear. These instructions are as follows, to wit:

VI. That to sustain the defense of probable cause neither mere good faith in making the accusation, nor the mere belief of the prosecutor that there was good cause for making such accusation, is sufficient.

IX. That if the jury believe that in causing the arrest of the plaintiff the defendants acted without probable cause, in order to prevent plaintiff from asserting any claims to the tools in question, or to obtain restitution of said tools without resorting to a civil action, they were guilty of a malicious prosecution, and are liable in this action.

X. That malice may mean a wicked intention to injure the accused, or bad faith, or any improper or sinister motive in making the accusation; and if the jury find that such malice existed on the part of the defendants, and there was want of probable cause, the verdict must be for the plaintiff.

Allis Gilfillan & Williams for Appellants.

Brisbin & Palmer for Respondent.

Cole v. Curtis et al.

*By the Court*—McMillan, J.—This action is brought against the defendants for a malicious prosecution and arrest of the plaintiff upon the charge of larceny.

The complaint alleges the partnership of the defendants, and in due form alleges that on the 23d of February, 1869, the defendant John Curtis, acting for the firm, and with the actual knowledge and consent of Nash, the other partner, maliciously, and without probable cause, made complaint before the city justice of the city of St. Paul, charging the plaintiff with the larceny of certain personal property of the firm, described in the complaint, of the value of three hundred dollars, and caused and procured the city justice to issue, and said city justice did issue, and grant his warrant commanding the proper officer to arrest the plaintiff and bring him before said city justice to be dealt with according to law in respect to the matters set forth in said complaint; that on the 24th of February, 1869, under the authority of the warrant, the plaintiff was arrested and imprisoned, &c.; that he was afterwards examined before the justice upon said charge, and was acquitted and discharged by the justice, and that the defendants have not further prosecuted said complaint, &c.

The defendants answer jointly, and deny each and every allegation in the complaint, except as admitted or stated in the answer.

They admit the partnership as alleged in the complaint, and aver that on the 22d of February, 1869, the property mentioned in the complaint was their property and in their possession, and on or about that day, without their knowl-edge or consent, was taken, carried away and secreted; that on the 23d of February, 1869, the defendant John Curtis went before the city justice, and made complaint on oath, that the said property had been feloniously stolen by

the plaintiff, as he believed, and was secreted in the lodging place of the said Cole, &c., and prayed that a search warrant might be issued for the search of said premises; that a search warrant was issued and delivered to the chief of police of St. Paul, who searched the premises, and found the goods secreted therein, and that these are the affidavits, complaint, and warrant referred to in the complaint. The answer also states, "that at all the times mentioned in the complaint, they had probable cause to believe, and did believe, that the said Ira Cole had feloniously stolen, taken and carried away the said goods, wares and merchandise, and secreted the same in his lodging place in said city of St. Paul."

The plaintiff upon the trial called as a witness E. Burnand, who testified that he was at the time acting city justice of the city of St. Paul, and had the custody of the records of that office.

A book marked "Docket B." was then shown to him, and he further testified: "I found this book at the office of the city justice of the city of St. Paul; it is one of the records of that office; Oscar Malmros was city justice before Howard  *  *  *  I know his handwriting; the entries on page 763 of this 'Docket B.' are in his handwriting."

The entries referred to constitute the record of the proceedings before the justice on the information by defendant Curtis against Cole.

This record was offered in evidence by the plaintiff in connection with the papers referred to therein, to which the defendants objected as incompetent and immaterial; the objections were overruled, and the defendants excepted.

It has heretofore been determined by this court, that it is immaterial whether the statute requires a justice of the

peace to keep a criminal docket in cases of this kind, if it appears that a record was made of the proceedings by the justice, the record is competent evidence, and may be identified by the justice, or any other competent proof. *Chapman vs. Dodd*, 10 *Minn.* 350. The identification of the docket in this case by the acting city justice was sufficient, and the objection was properly overruled. *Sanborn vs. School District*, 12 *Minn.* 17

The same witness identified certain papers as belonging to the files and records of the city justice. These were the papers mentioned in the docket entries of the justice received in evidence. The first, marked by the court ". Exhibit A," was a complaint by the defendant Curtis, charging Cole with the larceny of the property mentioned in the complaint in this action. The second, marked " Exhibit B," was a complaint by Curtis against Cole, alleging that the property described in the former complaint, and which was stolen as stated therein, was concealed, &c. The third, marked " Exhibit C," was a warrant, in the ordinary form of a search warrant, with the return of the officer endorsed thereon, that he had searched the premises, found the property, and brought it with the body of Cole into court. The fourth, marked " Exhibit D," was a recognizance of Cole with a surety, in which it is recited that Cole " was on the 24th of February, 1869, duly brought before Oscar Malmros, city justice, &c., charged on oath of John Curtis, by complaint in writing, which was duly stated in the warrant of arrest; that on the 22d day of February, 1869, said Ira Cole had, in the city of St. Paul, in said Ramsey county   *   *   unlawfully stolen, taken and carried away the several articles mentioned in said complaint, the personal property of the firm of Curtis & Nash, consisting of the said complainant and Edgar Nash, said

Cole v. Curtis et al.

property being of the value of $300; that the examination of said Ira Cole upon said charge had been adjourned and continued, on the motion of the State, until the 26th of February, 1869, at 10 o'clock in the forenoon, and that upon the execution of the recognizance, said Ira Cole is about to be released from custody until the date fixed for such examination;" the condition of the recognizance being his appearance at the day named, &c.; for such examination, &c.

These exhibits were severally objected to, and their reception excepted to by defendants. The only objections urged in this court, however, are to Exhibits B and C. The ground of the objections being, that there is a fatal variance between the allegations of the complaint, and the proof offered.

The complaint alleges the making of a complaint for larceny, and an arrest of Cole upon a warrant issued upon such complaint, and Exhibits B and C are a complaint for a search warrant, a search warrant issued upon such complaint, and the return of the arrest of Cole upon the warrant.

But the docket of the justice, and Exhibits A and D, show the institution of a prosecution and complaint against Cole for the larceny, and a hearing and discharge of the defendant Cole upon that charge, and that the information for a search warrant was made; and the search warrant upon which the goods were taken and the arrest of Cole made, were in the same proceeding, and constitute part of the same prosecution.

The steps essential to a search for stolen property are prescribed by chapter 102 of the General Statutes. A proceeding under this chapter may perhaps in some instance be a substantive criminal proceeding. but is not necessarily

so; it may be ancillary to the prosecution for larceny; the facts upon which the warrant is issued may be embraced in the original complaint, or may be made in a separate complaint, and at a subsequent stage of the proceedings.

In this case the complaint for the search warrant, although separate from the original complaint for larceny, and made subsequently, refers to and recites the original complaint, and is evidently in aid of the prosecution for larceny, and part of the proceedings in that prosecution. So far as appears from the evidence, Cole, upon the arrest by virtue of the search warrant, was brought before the justice, and held to answer before him upon the charge made in the original complaint.

After the arrest upon this warrant, the examination upon the charge of larceny transpired, in which both the present defendants participated. The arrest for the crime of larceny having been in fact made by virtue of the search warrant against Cole issued in the same proceeding, under these circumstances, even if it was irregular, cannot be taken advantage of by the defendants. We think the proofs offered support the allegations in the complaint, and that there is no substantial variance between them. *Riley vs. Gemley*, 9 *Conn.* 1.

When the plaintiff rested his case in chief, the defendants moved to dismiss the action, on the ground that the evidence did not make out the plaintiff's case, which was overruled by the court.

In support of the exception to this ruling the defendants urge:

1. That there was no proof whatever of the issuance of a warrant of arrest against the plaintiff and of his arrest under such warrant, as alleged in the complaint.

2. As to defendant Nash, there is no evidence whatever

connecting him in any way with the making of any complaint, of any nature, against the plaintiff, or with the issuance or execution of the search warrant.

3. That the evidence fails to show want of probable cause.

The first of these grounds is determined adversely to the defendants by the view we have expressed upon the admissibility of the search warrant, and that it supports the allegations in the complaint.

As to the second and third grounds, without reviewing the testimony, we think, upon the case in chief of the plaintiff, there was sufficient evidence to submit the cause to the jury; but even if that were not so, upon an appeal to this court, in considering a question of this kind, we will not confine our attention to the testimony in chief, but will look to all the testimony in the case, and if it appears therefrom that there was sufficient evidence in support of the plaintiff's case to submit the cause to the jury, an exception to the refusal of the court to dismiss, at the close of the testimony in chief of the plaintiff, will not be sustained.

Applying this rule to the case at bar, there was certainly evidence sufficient in the whole case to require the court to submit the case to the jury. The exception, therefore, must be overruled.

The defendants having identified and introduced in evidence a bill of sale from Cole to them, together with an inventory attached thereto, embracing the tools charged to have been stolen, marked by the court "Exhibit D," offered to show by the witness Nash, that by mutual agreement the inventory was made for the purpose of completing the transfer of the property to Curtis & Nash, in consideration of the existing indebtedness from Cole to them, which upon

the plaintiff's objection, that it was incompetent and immaterial, was rejected by the court, and the defendants excepted.

The defendants also, by separate interrogatories, asked the witness how the inventory came to be made, and what was the consideration for the transfer, and after showing by the witness that under the bill of sale, Curtis & Nash took possession on the first of February of all the property enumerated therein, including the store, and were in possession on the 22d and 23d of February, and had been in possession from the first of February down to that time, asked the witness whether at the time the bill of sale was made by Cole, and possession delivered, Cole was largely indebted to the defendants. To each of which questions the plaintiff objected, as immaterial, and the court sustained the objections, to which the defendants excepted

The legal effect of the bill of sale and inventory, as a transfer of the property, was to be determined from the instrument itself; no attack had been made upon it either in respect to the consideration, or the *bona fide* character of the transfer; under these circumstances, the evidence offered was not admissible, and the ruling of the court was correct

The remaining objections to be considered, are to the charge of the court.

The first instruction requested by the defendants was as follows: "If the jury believe the testimony and evidence produced by the defendants, the facts thereby proved show a probable cause for the procuring the issuance of the search warrant," which was refused by the court, and the defendants excepted.

In the trial of actions of this character, the question of probable cause, or want of probable cause, is essentially

involved. "What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court, the latter for the jury."

"This subject must necessarily be submitted to the jury when the facts are in controversy, the court instructing them what the law is." *Stone vs. Crocker*, 24 *Pick.* 81; 2 *Greenleaf's Ev.* § 454; *Center vs. Spring*, 2 *Iowa* 393; *Ash vs. Marlow*, 20 *Ohio* 119; *Blatchford vs. Dodd*, 2 *B. & A.* 179, (22 *Eng. C. L.* 53); *Kidder and wife vs. Parkhurst et al*, 3 *Allen* 393.

In the case at bar, the facts were in controversy, and it was the exclusive province of the jury to determine what facts were established by the evidence. If the instruction under consideration had been given, the court would have withdrawn that question from the jury, and determined for itself what facts were established, which would have been error.

If the defendants believed their evidence established a state of facts which constituted probable cause for the prosecution, they should have enucleated such facts from the evidence, and requested the court to charge, that if the jury found such facts to be proved, they constituted probable cause. The instruction submitted, however, was properly refused. *Schenck vs. Busch*, 32 *Ind.* 338.

The second instruction requested by the plaintiff and given to the jury is in the following language: "That probable cause is such a state of facts, known to and influencing the prosecutor, as would lead a man of ordinary caution and prudence, acting impartially, reasonably and without prejudice, to believe that the person accused is guilty." To this instruction the defendants excepted, and

now urge, that by the instruction the court left the question of probable cause to the jury, and also, that the definition of probable cause in the instruction is wrong.

As we have already stated, the facts as to probable cause in this case were disputed, and it was for the jury to find what the facts were ; the court, therefore, properly submitted the question to them, by defining what is probable cause, and leaving the jury to apply the law thus given to the facts found by them. These remarks apply also to the sixth, ninth and tenth instructions given at the instance of plaintiff and excepted to by defendants.

The definition of probable cause contained in this instruction, is a portion of the language used by Mr. Hilliard in his work on Torts. He says: "Probable cause for instituting a prosecution, is held to be such a state of facts, known to and influencing the prosecutor, as would lead a man of ordinary caution and prudence, acting *conscientiously*, impartially,- reasonably, and without prejudice, *upon the facts within the party's knowledge*, to believe, *or entertain an honest and strong suspicion that the person accused is guilty.*" And he adds immediately: "It has been held not sufficient to establish the want of probable cause, that the defendant might by the use of proper deliberation, care and inquiry, have ascertained that the crime alleged had not been committed." 1 *Hilliard on Torts, p.* 430. We have italicised portions of the author's text, to indicate the language omitted in the instruction given to the jury in this case. The word "impartial" is defined to mean: "Not partial, nor favoring one party more than another, unprejudiced, disinterested, equitable, just." *Webster's Dic. "Impartial."*

The whole text of Mr. Hilliard shows that the words "impartially," and "without prejudice," were not used in an

Cole v. Curtis et al.

absolutely unqualified sense, but were intended to mean that the impartiality, and absence of prejudice, were to be such as would characterize a man of ordinary prudence, acting under the same circumstances, and with the same knowledge of facts and circumstances.

In the instruction given to the jury in this case, there is nothing which expresses or indicates any qualification of the terms, and the conviction forces itself upon us, considering the instruction under the circumstances we are called upon to consider it, that standing alone, the impression which it would convey to the jury is, that a person commencing a prosecution for a crime committed against his person, or property, must act with the same impartiality and absence of prejudice in drawing his conclusions as to the guilt of the accused, that a person entirely disinterested would deliberately do. This is not the law. "The policy of the law is to favor prosecutions for crimes, and it will afford such protection to the citizen prosecuting, as is essential to public justice." *Richey vs. McBean*, 17 *Ill.* 63; *Stone vs. Crocker*, 24 *Pick.* 81.

To adopt a rule which would require the exercise of such deliberate, impartial and unbiased judgment, as is imposed by the instruction in this case, would be to deter the prosecution of crimes, by compelling honest prosecutors to incur the hazard of being mulcted in damages for a malicious prosecution.

No exclusive definition of probable cause can be given, but that most approved by our authorities, and which commends itself to us as the true one, is the rule laid down by Mr. Justice Washington in *Munns vs. Dupont et al.* 3 *Wash. C. C.* 31, where he defines it to be "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the

belief that the person accused is guilty of the offense with which he is charged." *Bacon vs Towne et al.* 4 *Cush.* 217; *Foshay vs. Ferguson,* 2 *Den.* 617; *Richey vs. McBean,* 17 *Ill.* 63.

The court in its general charge to the jury gave this as the definition of probable cause, but the instruction afterwards given at the request of the plaintiff is not within that rule, but is inconsistent with it, and we are unable to say by which rule the jury were governed. The exception to this instruction must be sustained.

The court also instructed the jury: " That if the jury believe the defendants caused the plaintiff to be arrested, held to bail and examined on a charge of larceny preferred by them, or one of them, with the knowledge or consent of the other, and in so doing acted maliciously, and without probable cause, they are liable in this action."

This charge, so far as it holds the defendants both liable for a prosecution instituted by one with the *knowledge or* consent of the other, is not correct, and if the defendant Nash were in a position to take advantage of the error, would reverse the case as to him; but the defendants answer jointly, and except jointly and generally to the instruction, and as to Curtis who commenced the prosecution, there is no error of which he can complain. The joint exception therefore must be overruled.

The court also instructed the jury: " That under the circumstances of this case the discharge of the plaintiff by the city justice is *prima facie* evidence of want of probable cause." The court also charged in connection with this: " That malice may be inferred from want of probable cause." To each of which instructions the defendants excepted.

The question is then presented for determination, whether,

Cole v. Curtis et al.

under the circumstances existing in this case, a discharge on the merits after an examination by a justice of the peace, is *prima facie* evidence of want of probable cause, in an action for malicious prosecution, from which malice may be inferred.

The authorities upon this point are in some cases doubtful, and others directly in conflict. Mr. Greenleaf says, in speaking of what will or will not amount to probable cause. " The discharge of the plaintiff by the examining magistrate is *prima facie* evidence of want of probable cause sufficient to throw upon the defendant the burden of proving the contrary."

In support of this position is cited in the foot note, *Secor vs. Babcock*, 2 *Johns.* 203; *Johnston vs. Martin*, 2 *Murphy* 248; *Bostick vs. Rutherford*, 4 *Hawks*, 83. *Secor vs. Babcock* is a *per curiam* opinion of half a dozen lines, and does not sustain the position in support of which it is cited.

The point raised by the plaintiff in error was, that the declaration ought to show that the prosecution is at an end, and in support of this, the position taken was that the justice of the peace had no power to acquit and discharge the defendant from the crime, and although the plaintiff was discharged, the prosecution may have been continued against him. The court held that the justice had power to discharge; that the acquittal was lawful, and there was a sufficient ground for a suit for malicious prosecution. The point decided, evidently, was that the discharge by the justice was a sufficient termination of the prosecution upon which to base the action for a malicious prosecution, not that the discharge *per se* was any evidence of want of probable cause.

We have not access to the volumes 2 *Murphy*, and 4

*Hawks*, and are unable to say to what extent they support the text to which they are cited, but we presume the position of Mr. Greenleaf is distinctly supported in these cases. See *Israel vs. Brooks*, 23 *Ill.* 575, *opinion of Breese, J.* But it is by no means certain that either Mr. Greenleaf, or the North Carolina authorities cited, lay down the position, that in all cases the discharge by a magistrate is *prima facie* evidence of the want of probable cause, or whether in any case it is such evidence of that fact as will authorize the jury to infer from it. alone, malice in the prosecutor.

The language of Mr. Greenleaf is: "The discharge of the plaintiff by the examining magistrate is *prima facie* evidence of the want of probable cause sufficient to throw upon the defendant the burden of proving the contrary." He is discussing the question of probable cause. In the two sentences immediately preceding the language quoted, he says: "What will, or will not, amount to probable cause, will depend on the circumstances of each particular case. *If express malice is proved, and the cause of the former proceedings was peculiarly within the knowledge of the defendant*, slight evidence on the part of the plaintiff of the absence of probable cause will be deemed sufficient." If we are to understand that Mr. Greenleaf intended by these expressions to limit the effect of the discharge of the justice as *prima facie* evidence—and we are unable to see why we must not—then the text of the learned author sustains the position, that the discharge of the justice is not *prima facie* evidence of want of probable cause in any case if express malice is not proved, or if the cause of the former proceedings is not peculiarly within the knowledge of the defendant in the action for malicious prosecution, and that malice may be inferred from such discharge, *per se*, only in cases where the

cause of the former prosecution is peculiarly within the knowledge of the defendant in the action for malicious prosecution. Such too would seem to be the position of the courts of North Carolina, as it is there held that the dismissal of a state's warrant by a magistrate, raises the presumption of want of probable cause. but *not of malice. Johnson vs. Chambers*, 10 *Iredell*, 287. The same position is held in Tennessee. *Phairs vs. Lambert*, 1 *Sneed*, 228.

In Missouri the supreme court say: "The magistrate and grand jury have the very question of probable cause to try, and the evidence on the side of the prosecution is alone examined, and the proceeding is entirely *ex parte*. Under such circumstances, the refusal of the examining tribunal to hold the accused over till trial, *must necessarily be very persuasive evidence that the prosecution is groundless*" *Braiet vs. Higgins*, 28 *Mo.* 728.

On the other hand, in Illinois it is held distinctly and unqualifiedly, that the discharge of the accused by the examining magistrate is not *prima facie* evidence of want of probable cause. *Israel vs. Brooks*, 23 *Ill.* 575; *Thorpe vs. Balliett*, 25 *Ill.* 339.

In New York, where the question arose upon the effect of the discharge of a person charged with perjury before a United States commissioner, in an action for malicious prosecution, it was held that the discharge of the plaintiff after examination by the commissioner, is not, *per se, prima facie* evidence of the want of probable cause. *Vanderbilt vs. Mathias*, 5 *Duer* 304.

In *Stone vs. Crocker*, the question was presented upon the ruling of Wilde, J at the trial, that the discharge by the justice was *prima facie* evidence of want of probable cause, and the supreme court say: "One respectable authority to this effect was produced on the trial, and adopted without

Cole v. Curtis et al.

an opportunity to examine its soundness    But it does not seem to be supported by other authorities, nor to accord with the principles which govern the action.    We therefore entertain doubts whether it can be sustained.    But we do not think it necessary to decide the question."    24 *Pick.* 81.

In *Chapman vs. Dodd*, 10 *Minn.* 350, it appeared from the testimony of the defendant, that he personally witnessed the commission of the crime charged against the plaintiff; the circumstances were stated as of his personal knowledge, and testified to positively; he was examined before the magistrate, and was the only witness for the prosecution. In that case it was held by this court that: "Without going to the extent that in all cases a discharge by a magistrate is to have this effect, we are of opinion that where, as in this case, all the facts in regard to the commission of the crime charged are stated as within the personal knowledge of the defendant, and he is examined before the magistrate by whom the party charged with the crime is discharged, such discharge is *prima facie* evidence of want of probable cause.    The calling of witnesses for the defense does not affect the discharge as evidence, for all the evidence is to be considered to determine whether there is probable cause. The prosecutor may have sworn to the truth of the charge, but that will not show he had a probable cause for it."

The reasons upon which this ruling is based are, that upon the examination the inquiry before the magistrate is whether there is probable cause from the evidence to believe the guilt of the defendant, and the discharge is a determination by the magistrate that there is not.

Although probable cause does not depend on the state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting (2 *Greenleaf's Ev.* § 455);

yet when in the examination before the magistrate, the evidence on the side of the prosecution alone is examined, and the proceeding is entirely *ex parte*, as it was at common law, (4 *Bl.* 326) and as it still is in many of the states of our Union, it might well be presumed that the facts upon which the prosecution relied as probable cause, were communicated to the magistrate upon the hearing, and that upon such facts he determined there was not probable cause to believe the defendant's guilt; or, if the facts upon which the prosecution is based are peculiarly within the knowledge of the party instituting the prosecution; if, as in *Chapman vs. Dodd*, the prosecutor's testimony shows that he personally witnessed the commission of the crime charged, and he states the circumstances positively, as of his own knowledge, and is the only witness for the prosecution sworn before the justice, although witnesses were sworn for the defendant, the presumption that the facts upon which the prosecutor based his proceeding were before the justice, and that upon such facts, the magistrate, in discharging the accused, determined that the charge was made through gross negligence, or in bad faith by the prosecutor, is sufficiently strong to justify the court in saying, that upon proof of a discharge by the examining magistrate on the preliminary hearing, the prosecutor, in an action against him for malicious prosecution, should be required to show probable cause for the prosecution; if the determination of the magistrate has any of the sanctions usually surrounding the official action of judicial officers, it is altogether reasonable to say, that upon such a state of facts the discharge of the justice is *prima facie*, evidence of want of probable cause. But when, as in the case at bar, the facts upon which the prosecution is based are not within the personal knowledge of the prosecutor, as they seldom are, and

where, as in our state, the defendant's witnesses may be examined, and by a late statute, the defendant himself is a competent witness, and may, as in this case he did, testify in his own behalf on the examination, the testimony on the part of the prosecutor may have been entirely credible, and the facts proved have been sufficient to establish probable cause, yet have been explained by additional facts, within the knowledge of the defendant's witnesses, or the defendant himself, of which the prosecutor could not reasonably be expected to know anything, until they were disclosed on the examination. Under such circumstances, it would be unreasonable to say that the discharge by the justice, was *prima facie* evidence of want of probable cause for the prosecution, and much more unreasonable to make it evidence from which, *per se*, the jury might infer malice.

We think, therefore, both upon authority and principle, that, at least where the witnesses for the defense, including the defendant himself, may be examined on the hearing, as in our state, if the cause of the former proceedings is not peculiarly within the knowledge of the defendant in the action for malicious prosecution, the discharge of the plaintiff by the examining magistrate, is not, *per se, prima facie* evidence of want of probable cause. The instruction of the court was erroneous, and the exception must be sustained.

The defendants requested the court to charge the jury that: "If the defendants, after a full and correct statement of the case, as they honestly and reasonably believed, to their counsel James Gilfillan, procured said search warrant upon and in pursuance of his advice, then they had probable cause for procuring the same." The court refused to give this instruction, but gave the same with this modification, to wit: by inserting after the words "procured said search warrant," the words "in good faith," to which refusal and modification the defendants excepted.

Cole v. Curtis et al.

The court also at the request of the plaintiff instructed the jury: "That where a party consults counsel before instituting proceedings, if he does not state all the facts within his knowledge to his counsel, or if he misrepresents the case, or does not act *bona fide* under the advice received, or does not himself believe the accused is guilty of the crime charged, he is not protected by the advice given, and the *bona fides* of his conduct is a question of fact for the jury;" to which instruction the defendants excepted.

The modification of the defendants' instruction was proper. It does not follow that because a party makes a full and correct statement of the case as he honestly believes to counsel, and receives his advice thereon, and acts upon it, and in pursuance of it, that his action is in good faith; he may after the advice be informed of facts which satisfies him that the accused is not guilty. Good faith, in acting under the advice of counsel, is necessary in order to protect the party. We think there was no error either in the modified instructions, or the instruction given at the plaintiff's request. *Ravenga vs. McIntosh,* 2 *B. & C.* 693; (9 *Eng. C. L.* 302;) *Center vs. Spring,* 2 *Iowa* 393.

The defendants also object, in this court, to a portion of the general charge given by the district court to the jury. No exception appears to have been taken to this portion of the charge in the court below, and the objection cannot now be raised. This court will consider only objections to those parts of the charge of the court which were specifically excepted to on the trial. For the reasons above indicated a new trial must be granted.

Judgment appealed from reversed, and a new trial ordered.